Edward CABBELL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 79–1467.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 11, 1980.

Decided Dec. 31, 1980.

Gail N. Gaus, Clayton, Mo., for appellant.

James H. Reynolds, U. S. Atty., Cedar Rapids, Iowa, for appellee.

Before GIBSON, Senior Circuit Judge, and HEANEY and BRIGHT, Circuit Judges.

BRIGHT, Circuit Judge.

Edward Cabbell was convicted on fifteen counts of causing the interstate transportation of falsely made or forged securities, in violation of 18 U.S.C. § 2314 (1976), and one count of conspiracy to commit such offenses, in violation of 18 U.S.C. § 371 (1976).

The district court[1] denied Cabbell's petition to vacate his sentence. We reverse, vacate Cabbell's sentence, and remand to the district court for resentencing consistent with this opinion.

## I. *Background.*[2]

This case grew out of the interstate transportation of thirty falsely made and forged American Express money orders. The money orders were stolen from a drugstore in Omaha, Nebraska, negotiated at a number of banks in Iowa, and drawn on the First National Bank of Denver, Colorado. We are concerned specifically with fifteen of the stolen money order blanks, all negotiated on June 9, 1976, by Bonnie Johnson, Cabbell's codefendant. Johnson, posing as "Mary A. Straight," deposited five of the money orders in amounts ranging from $191.31 to $198.23 at the First National Bank of Humboldt. On the same day, she deposited five other money orders at the First National Bank of Webster City, Iowa, and five at the Farmers National Bank, also of Webster City. All fifteen of the money orders moved in ordinary banking channels from the Iowa banks, which had accepted them, to the First National Bank of Denver, Colorado. They were later rejected by the American Express Company and returned to the Iowa banks.

Cabbell was convicted of fifteen counts of violating 18 U.S.C. § 2314, and one count of conspiracy, in violation of 18 U.S.C. § 371. The district court sentenced Cabbell to ten years' imprisonment and a $5,000 fine on one count; five years' imprisonment to be served consecutively on a second count; and five years' on each of the remaining counts to run concurrently with each other and with the first two counts. This court affirmed the judgment of the district court in *United States v. Rochon, supra.* On September 26, 1978, Cabbell filed a *pro se* petition to vacate his sentence pursuant to 28 U.S.C. § 2255. The district court dismissed the petition on March 12, 1979. Appellant filed an appeal and received appointed counsel.

## II. *Discussion.*

Cabbell's most serious contention[3] is that, by considering each negotiation of the fifteen money orders as a separate violation of section 2314, the district court illegally imposed multiple sentences for a single violation of the statute.[4]

Courts have disagreed on the proper analysis for determining the number of violations of section 2314 in cases where a defendant releases personal control over the forged securities before those securities pass through interstate commerce. *See United States v. Dilts,* 501 F.2d 531, 534–35 (7th Cir. 1974). Under one approach, the proper prosecutorial unit is the number of actual transportations in interstate commerce that are caused by the defendant. *Gilinsky v. United States,* 368 F.2d 487, 489–90 (9th Cir. 1966). The alternative theory looks to the number of transactions that result in the interstate transportation of the forged securities. *See United States v. White,* 524 F.2d 1249, 1254 (5th Cir. 1975), *cert. denied,* 426 U.S. 922, 96 S.Ct. 2629, 49 L.Ed.2d 375 (1976). In this case, either analysis produces the same result.

The first approach derives from the Supreme Court opinion in *Castle v. United States,* 368 U.S. 13, 82 S.Ct. 123, 7 L.Ed.2d 75 (1961). In *Castle,* a defendant personally

---

1. The Honorable Edward J. McManus. Chief Judge, United States District Court for the Northern District of Iowa.

2. The facts are fully set out in the opinion in Cabbell's direct appeal. *See United States v. Rochon,* 575 F.2d 191 (8th Cir. 1978).

3. Cabbell also asserts that the Government failed to present sufficient evidence to show that he "caused" the securities to be transported within the meaning of 18 U.S.C. § 2314. To the extent that such claims are cognizable in a § 2255 motion, *see Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 2792, 61 L.Ed.2d 560 (1979), we find that the evidence in the record supports the conviction.

4. Although Cabbell, proceeding *pro se* in the district court, brought this action as a habeas petition, we will treat it as a motion to vacate the illegal sentences which may be made at any time. Fed.R.Crim.P. 35.

transported forged securities through interstate commerce. The Court held that a single transportation of several securities could result in only one violation of section 2314. *Id.* at 13, 82 S.Ct. at 123. This circuit has applied this analysis, without deciding its validity, to cases in which a defendant does not personally transport the securities, but rather causes their transportation in interstate commerce. *See Amer v. United States,* 367 F.2d 803, 805 (8th Cir. 1966); *Strickland v. United States,* 325 F.2d 970, 972 (8th Cir. 1964).

In *Strickland v. United States, supra,* we held that the defendant collaterally attacking a conviction bears the burden of proving a single interstate transportation of several securities. In that case, the court was faced with two separate negotiations that, according to the defendant's contentions, afterwards became a single interstate transportation. The court stated that the mere "possibility" that checks negotiated the same day at different banks may have been transmitted in interstate commerce in the same Federal Reserve Bank pouch does not prove only a single offense as a matter of law under section 2314.

 This case is different, however, because it involves the negotiation of several securities at a single bank at the same time. The five checks deposited by Johnson at each of the three banks undoubtedly entered the stream of commerce together. When such simultaneous transactions occur, a court will presume a single interstate transportation unless the Government proves the contrary. As the Seventh Circuit concluded, "it would be reasonable to infer that only one transportation would ensue and, therefore, that only one offense was committed." *United States v. Dilts, supra,* 501 F.2d at 535 (dicta). Because the Government failed to establish such multiple transportations, we conclude that the evidence cannot support a conviction for more than one violation for counts 6

through 10, one for counts 11 through 15, and one for counts 16 through 20.

The defendant argues that he may be held liable for only a single violation of section 2314. Under *Strickland,* however, the separate transactions at the three banks each supports a separate conviction. When a defendant negotiates securities at different times and locations, a court cannot logically presume a single interstate transportation of these securities. The defendant, therefore, in a collateral attack, must prove that all the securities entered interstate commerce together. *See Strickland v. United States, supra,* 325 F.2d at 972. Cabbell offered no proof that the money orders deposited at the various banks entered interstate commerce at the same time. He therefore was liable for three violations of section 2314.

If we apply the alternative analysis, which rejects the *Castle* analogy, Cabbell likewise would be liable for three substantive offenses. Courts have reasoned that the number of crimes should not depend on the fortuity of the postal or banking delivery systems, and, therefore, that the proper prosecutorial unit under section 2314 is the number of instances of negotiations of bad securities, rather than the number of separate interstate crossings. *See United States v. White, supra,* 524 F.2d at 1254; *United States v. Driscoll,* 454 F.2d 792, 801 (5th Cir. 1972). *See also Amer v. United States, supra,* 367 F.2d at 805. *Contra Gilinsky v. United States, supra,* 368 F.2d at 490. Under this approach each group of deposits by Johnson would be considered a separate instance of negotiation, each capable of supporting a single—but no more than one—conviction under the statute.

On the evidence presented, therefore, Cabbell could have been found guilty of only three violations of section 2314 and one count of conspiracy. By sentencing him on each of the sixteen counts of the indictment,[5] the district court imposed an illegal

---

**5.** The court sentenced Cabbell as follows:

Count 6—ten years' imprisonment and a $5,000 fine

Count 7—five years' imprisonment consecutive to count 6

sentence on the defendant.[6] *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977); *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).

When a trial court has imposed more than one sentence for a single offense, this court has vacated the sentences for the multiplicious counts without remand to the district court. *United States v. Sue*, 586 F.2d 70, 72–73 (8th Cir. 1978); *United States v. Lindsay*, 552 F.2d 263, 266 (8th Cir. 1977). Here, however, this court cannot determine which of the improper sentences should remain—e. g., the ten years imposed on count 6 or the five years on count 7. Accordingly, we deem a remand for resentencing appropriate. *See United States v. Davis*, 544 F.2d 1056, 1058 (10th Cir. 1976), *appeal after remand*, 573 F.2d 1177 (10th Cir.), *cert. denied*, 436 U.S. 930, 98 S.Ct. 2829, 56 L.Ed.2d 775 (1978); *United States v. Welty*, 426 F.2d 615, 618 (3d Cir. 1970).

 Further, the district court's decision to impose a lengthy prison term may reflect the number of counts on which Cabbell was convicted. In such case, " 'the proper course is usually to vacate the sentences and remand for resentencing on the valid counts without consideration of the invalid one[s].' " *James v. United States*, 476 F.2d 936, 937 (8th Cir. 1973) (*quoting McGee v. United States*, 462 F.2d 243, 246 (2d Cir. 1972)). *See also United States v. Pinkney*, 551 F.2d 1241, 1246 and n.37 (D.C.Cir.1976); *United States v. Rivera*, 521 F.2d 125, 129 (2d Cir. 1975).

We, therefore, vacate Cabbell's sentence and remand to the district court for resentencing in accordance with this opinion.[7]

---

Counts 8–20 and 41 (conspiracy)—five years to run concurrently with each other and the sentences on counts 6 and 7.

6. Concurrent multiple sentences for a single violation are equally improper. *United States v. Lindsay*, 552 F.2d 263, 266 (8th Cir. 1977).

7. In resentencing, the district court, of course, must consider any constitutional limitations on its sentencing discretion. *See North Carolina v. Pearce, supra*, 395 U.S. at 725, 89 S.Ct. at 2080; *United States v. Fredenburgh*, 602 F.2d 1143, 1147–48 (3d Cir. 1979); *United States v. Welty, supra*, 426 F.2d at 619.