**UNITED STATES of America, Appellee,**

v.

**Edward CABBELL, Appellant.**

**No. 81–1443.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1981.

Decided Oct. 27, 1981.

James H. Reynolds, U. S. Atty., Cedar Rapids, Iowa, for appellee.

Gail N. Gaus, Clayton, Mo., for appellant.

Before BRIGHT, HENLEY and ARNOLD, Circuit Judges.

PER CURIAM.

Edward Cabbell appeals from a resentencing by the District Court which he claims is at odds with this Court's decision in his prior appeal. See *Cabbell v. United States,* 636 F.2d 246 (8th Cir. 1980) (hereinafter *Cabbell I*). In *Cabbell I* we reversed the District Court's denial of a motion to vacate defendant's sentences as illegal under Fed.R.Crim.P. 35. The cause was remanded to the District Court with certain instructions as to resentencing. Because the resentencing by the District Court is contrary to the law of the case laid down in *Cabbell I,* we reverse.

In 1977 Cabbell was charged along with two other persons in a 42-count indictment alleging various federal crimes. Cabbell

was charged and convicted on fifteen counts of causing to be transported in interstate commerce falsely made or forged securities (counts 6 through 20) and one count of conspiracy (count 41). See 18 U.S.C. §§ 2314 and 371 respectively.[1] The above convictions were based on evidence showing several negotiations of forged money orders. The money orders that were the subjects of counts 6 through 10 were negotiated together at one bank, those covered by counts 11 through 15 were negotiated together at a second bank, and those covered by counts 16 through 20 were negotiated together at a third. Cabbell was initially sentenced as follows:

Count 6 . . . . . Ten years imprisonment and $5,000 fine.

Count 7 . . . . . Five years imprisonment consecutive to Count 6.

Counts 8–20
and 41 . . . . Five years imprisonment on each to run concurrently with Counts 6 and 7.

In *Cabbell I* we held that because the subjects of counts 6 through 10, 11 through 15, and 16 through 20, were negotiated simultaneously, there could be only three violations of 18 U.S.C. § 2314. Cabbell's original sentence, therefore, was an illegal one which necessitated a remand for resentencing. On May 4, 1981, the District Court resentenced Cabbell to ten years imprisonment and a $5,000 fine on count 6, five years imprisonment on count 11 to run consecutive to count 6, and five years imprisonment on counts 16 and 41 to run concurrently with counts 6 and 11.

Cabbell's argument on appeal concerns his sentence on count 11, which originally was to run concurrently with counts 6 and 7, but now is made consecutive to count 6. This action, he argues is contrary to the instructions of this Court in *Cabbell I*. We agree.

Often when we conclude that the trial court has imposed more than one sentence for a single offense, we vacate the sentences on the multiplicitous counts without remand to the district court. See *United*

States v. Sue, 586 F.2d 70, 72–73 (8th Cir. 1980). In *Cabbell I*, however, we said: this court cannot determine which of the improper sentences should *remain*—e. g., the ten years on count 6 *or* the five years on count 7. Accordingly, we deem a remand for resentencing appropriate.

636 F.2d at 249 (emphasis ours). It was the District Court's duty on remand, in accordance with this language in our opinion, to reinstate *either* the ten-year sentence on count 6, *or* the five-year sentence on count 7. What actually occurred is the practical equivalent of reinstating *both* of those sentences. The District Court, by changing the previously imposed five-year term on count 11 from concurrent to consecutive, has given defendant a 15-year term. That was not the intention of this Court, and the judgment must therefore be reversed in part. The District Court's opinion on remand makes it clear that its preference, as between a ten-year term and a five-year term, is for the longer sentence. This choice is within the District Court's discretion as delineated in our prior opinion.

To the extent that the District Court's judgment on remand imposed a five-year consecutive sentence on count 11, the judgment is reversed, and the five-year sentence on count 11 will run concurrently with the ten-year sentence on count 6. The previously imposed five-year consecutive sentence on count 7 has already been held illegal and is therefore of no effect. The result of this disposition is that defendant is sentenced to ten years and a $5,000 fine on count 6, with all other sentences to run concurrently. This holding is based solely on our construction of the opinion in *Cabbell I*. We express no view on the due-process and double-jeopardy questions argued by the parties.

It is so ordered.

---

1. This conviction was affirmed on appeal. *United States v. Rochon*, 575 F.2d 191 (8th Cir. 1978).