UNITED STATES of America, Appellee,

v.

John A. RUSSELL, Appellant.

No. 83–1869.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1984.

Decided Jan. 13, 1984.

Raymond J. Hasiak, Omaha, Neb., for appellant John A. Russell.

Ronald D. Lahners, U.S. Atty., D. Neb. and Joseph F. Gross, Jr., Asst. U.S. Atty., Omaha, Neb., for appellee.

Before HENLEY, Senior Circuit Judge, and JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

John A. Russell appeals from the sentences he received following his guilty pleas to two counts of bank robbery in violation of 18 U.S.C. § 2113(a). Appellant contends the district court[1] abused its discretion by imposing a more severe sentence on him than on his codefendant, and by failing to consider his history and background as factors mitigating his punishment. We affirm.

Appellant and codefendant Darrell Cooks participated together in, and were indicted for, the armed robberies of two banks, one in Omaha, Nebraska, and the other in Lincoln, Nebraska. After a jury found Cooks guilty of armed robbery of the Omaha bank, the district court sentenced him to ten years in prison. As to the Lincoln armed robbery, Cooks later pleaded guilty to the lesser included offense of robbery, and the district court sentenced him to serve fifteen years concurrently with the ten year sentence. Appellant, on the other hand, pleaded guilty to the lesser included offenses of robbery of both the Omaha and Lincoln banks, and the same court sentenced him to two concurrent terms of fifteen years.

Appellant compares the sentences he and Cooks received for the Omaha robbery: he pleaded guilty to robbery and received a fifteen year sentence while Cooks was tried and convicted of armed robbery and received a ten year sentence. On that basis, appellant contends that the district court abused its discretion by sentencing him more harshly for a less serious offense. He further contends that the district court abused its discretion by imposing identical fifteen year sentences on him and Cooks for the Lincoln robbery because, as revealed by their presentence reports, appellant's history and background warranted more lenient treatment.

We note first that the concurrent nature of appellant's and Cooks' sentences means that each is in effect serving a fifteen year sentence. The maximum punishment under 18 U.S.C. § 2113(a) is a $5,000.00 fine or twenty years imprisonment or both. It is not this court's function to substitute its judgment for that of the district court with respect to sentencing. *United States v. Lincoln,* 589 F.2d 379, 380 n. 2 (8th Cir.1979). If a sentence is within the statutory limits and it was imposed in accordance with constitutional and procedural requirements, it is generally not subject to review unless the district court either failed to exercise its discretion or manifestly or grossly abused its discretion. *Giblin v. United States,* 523 F.2d 42, 45 (8th Cir.1975), *cert. denied,* 424 U.S. 971, 96 S.Ct. 1470, 47 L.Ed.2d 739 (1976). *See United States v. Wrehe,* 628 F.2d 1079, 1084 (8th Cir.1980); *United States v. Neal,* 527 F.2d 63, 66–67 (8th Cir.1975), *cert. denied,* 429 U.S. 845, 97 S.Ct. 125, 50 L.Ed.2d 116 (1976). Our role in this case is to determine whether Russell has clearly and convincingly shown such an abuse of discretion. *United States v. Wrehe,* 628 F.2d at 1084. Based on our examination of the record, we believe he has not made the necessary showing. We find no indication of manifest or gross abuse of discretion.

Accordingly, the sentences imposed on appellant by the district court are affirmed.

---

**1.** The Honorable C. Arlen Beam, United States District Judge, District of Nebraska.