UNITED STATES of America, Appellee,

v.

Manuel CRUZ, a/k/a Gillie, Appellant.

No. 83–2717.

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1984.
Decided July 27, 1984.

Sarachan & Fox by Gary R. Sarachan, St. Louis, Mo., on brief, for appellant.

Thomas E. Dittmeier, U.S. Atty., Charles A. Shaw, Asst. U.S. Atty., St. Louis, Mo., on brief, for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

HENLEY, Senior Circuit Judge.

Manuel Cruz appeals from the sentence he received after a jury convicted him of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. The district court[1] sentenced appellant to ten years imprisonment. For reversal the appellant argues that the district court erred by (1) depriving appellant of his sixth amendment right to trial by jury when the court imposed a harsher sentence on appellant than was imposed on appellant's coconspirators, and (2) failing to grant appellant's motion for directed verdict on the basis that the jury's verdict rested upon insufficient evidence. We affirm the judgment of the district court.

The maximum sentence for conspiracy to distribute cocaine is fifteen years imprisonment, a fine of $25,000, or both. 21 U.S.C. §§ 846, 841. Generally, sentences within statutory limits are not subject to review, absent a showing that the

[1] The Honorable William L. Hungate, United States District Judge, Eastern District of Missouri.

**396**

trial judge grossly abused his discretion. See *Dorszynski v. United States*, 418 U.S. 424, 431, 94 S.Ct. 3042, 3047, 41 L.Ed.2d 855 (1974); *United States v. Tucker*, 404 U.S. 443, 446–47, 92 S.Ct. 589, 591–92, 30 L.Ed.2d 592 (1972); *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948); *United States v. Russell*, 724 F.2d 725, 726 (8th Cir.1984); *Woosley v. United States*, 478 F.2d 139, 141 (8th Cir.1973).

The record reflects that the trial judge considered, and rejected, the question whether appellant, aged 25, would benefit from treatment under the Youth Corrections Act, 18 U.S.C. §§ 5005 *et seq.*, but otherwise contains no articulation of the judge's reasons for imposing the specific sentence of ten years. We are asked to conclude that in the circumstances of this case the allegedly disparate sentences imposed on the coconspirators dictate a finding that appellant was penalized for asserting his right to trial by jury.

■ While we might have preferred an articulation of reasons for imposition of sentence, we cannot presume an abuse of sentencing discretion. To the contrary, when, as here, the sentence is well within statutory limits, appellant must demonstrate abuse clearly and convincingly. *Russell*, 724 F.2d at 726.

■ The record reflects that one of the conspirators received an eleven year sentence; two others, possibly less culpable, received lesser sentences of six years committed and five years on probation.

The evidence heard by the trial judge and called to our attention suggests more than minimal culpability on the part of appellant. On the whole, we are persuaded that appellant's sentence was neither disparate nor unwarranted.

We note, however, that our decision is without prejudice to the right of appellant to seek relief in the district court under Rule 35 of the Federal Rules of Criminal Procedure.

■ We have also reviewed appellant's contention that there was insufficient evidence to support the jury's verdict and find such contention without merit. Appellant contends the evidence is insufficient because the testimony of appellant's coconspirators was tainted by conditional promises of leniency. Both the Supreme Court and this Circuit have recognized the propriety of using and relying upon the testimony of a coconspirator to prove another's connection to the conspiracy. *Caminetti v. United States*, 242 U.S. 470, 495, 37 S.Ct. 192, 198, 61 L.Ed. 442 (1917); *United States v. Evans*, 697 F.2d 240, 246 (8th Cir.), *cert. denied*, 460 U.S. 1086, 103 S.Ct. 1779, 76 L.Ed.2d 352 (1983). The testimony of the coconspirators, if believed by the jury, was more than sufficient to convict appellant. We find in that testimony no crucial taint of the sort described by Judge Heaney in *United States v. Librach*, 536 F.2d 1228, 1230 (8th Cir.), *cert. denied*, 429 U.S. 939, 97 S.Ct. 354, 50 L.Ed.2d 308 (1976), or more recently in *United States v. Waterman*, 732 F.2d 1527 (8th Cir.1984).

Accordingly, the judgment of the district court is affirmed.