**UNITED STATES of America, Appellee,**

v.

**Kenneth Dale JOHNSON, Appellant.**

**No. 84–1195.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 12, 1984.
Decided Dec. 31, 1984.

Robert R. Rush, Cedar Rapids, Iowa, for appellant.

Robert L. Teig, Asst. U.S. Atty., Cedar Rapids, Iowa, for appellee.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

HENLEY, Senior Circuit Judge.

Kenneth Dale Johnson appeals from the district court's [1] denial of his petition for relief under 28 U.S.C. § 2255. Appellant pleaded guilty to eight counts of transporting or causing to be transported in interstate commerce forged or falsely made money orders in violation of 18 U.S.C. § 2314. Four of the charges were from an original fourteen count indictment in Iowa and the remainder were transferred one each from Kansas, Minnesota, Montana and Wyoming under Fed.R.Crim.P. 20. He received a ten year sentence for each count with the sentences on the Iowa charges to run consecutively and the other four to run concurrently. After sentencing, Johnson

---

1. The Honorable Edward J. McManus, Chief Judge, United States District Court, District of Northern Iowa.

made a pro se Fed.R.Crim.P. 35 motion for reduction of sentence which was denied. In his § 2255 petition, Johnson asserts that (1) his sentence is in excess of the statutory maximum because he committed one, not eight, violations of § 2314; (2) his guilty plea is involuntary because he did not know the consequences of his plea; (3) his trial counsel offered ineffective assistance; and (4) his sentence is unconstitutional. We affirm.

The Iowa charges result from Johnson, a codefendant and a woman named Vickie Sue Jackson transporting forged money orders from Minnesota to Iowa where Jackson, at the direction of Johnson, negotiated the money orders under a false name at four different banks on August 26 and 27, 1980. The money orders were then placed in interstate banking channels and eventually sent to a drawee bank in Minnesota. The non-Iowa charges involved similar transactions. Johnson and his codefendant had been involved in similar schemes in several other states over a two year period during which time Johnson obtained some $100,000.00 to $250,000.00 as his share of the profits. As part of his signed plea agreement, charges were not filed against him in several other states.

Appellant argues that his sentence amounting to forty years is in excess of the statutory maximum because he only made or caused to be made a single transportation in interstate commerce when he traveled from Minnesota to Iowa. Johnson relies on *Castle v. United States*, 368 U.S. 13, 82 S.Ct. 123, 7 L.Ed.2d 75 (1961), for the proposition that a single trip across state lines results in only one criminal charge. In *Castle* the defendant was convicted on five counts of violating § 2314 for traveling across state lines with five forged money orders in his possession. The Supreme Court determined only one violation had been committed according to the principles announced in *Bell v. United States*, 349 U.S. 81, 84, 75 S.Ct. 620, 622, 99 L.Ed. 905 (1954).

We note that if Johnson had merely transported the money orders from Minnesota to Iowa, *Castle* would apply and he would be guilty of only one violation of § 2314. However, his actions did not end with this one trip. He then caused the money orders to be negotiated at four different banks in Iowa and drawn on a bank in Minnesota, thereby placing them in interstate banking channels. It is established in this circuit that separate transactions at different banks support separate convictions. *Cabbell v. United States*, 636 F.2d 246, 248 (8th Cir.1980); *Amer v. United States*, 367 F.2d 803, 805 (8th Cir.1966); *Strickland v. United States*, 325 F.2d 970, 972 (8th Cir.1964). In such circumstances, the burden may shift to the defendant to prove that the money orders did in fact travel in interstate commerce together because "[w]hen a defendant negotiates securities at different times and locations, a court cannot logically presume a single interstate transportation." *Cabbell*, 636 F.2d at 248. Johnson by no means established a single transportation and therefore we cannot say he was improperly convicted of violating § 2314 several times.[2]

Johnson also argues that his plea of guilty was involuntary and induced by his trial counsel's alleged representations that a deal had been made with the United States Attorney's office for a five to seven year sentence, and his belief that he was only pleading guilty to the four Iowa counts. Relatedly Johnson alleges that he should have been granted an evidentiary hearing on his § 2255 petition because he made specific allegations of a sentencing "deal."

In paragraph four of his signed plea agreement, it is stated that "[t]he United States retains all its rights to comment at sentencing, and makes no representations or promises as to sentence to be imposed as this matter is solely within the District Court Judge's discretion." The plea agreement was read at Johnson's Fed.R.Crim.P.

---

2. We note that even under appellant's theory the non-Iowa charges still exist and he would at a minimum be convicted of five counts of violating § 2314, not one.

11 hearing and both he and his counsel agreed it was accurate, represented the entire bargain with the government, and that there were no other conditions or provisions. At the hearing Johnson stated under oath that he understood that the court could sentence him to ten years on each of the eight counts and that the sentences could be consecutive. He also affirmed that he had conferred with his attorney, understood the charges against him and his rights, his plea was voluntary, and he had committed the acts with which he was charged. His counsel requested five to seven year sentences and that they be concurrent.

■ This court has held that "[t]he representations of a defendant at a guilty plea hearing constitute a formidable, although not insurmountable, barrier in any subsequent collateral proceeding." *United States v. Lambros,* 614 F.2d 179, 181 (8th Cir.1980). In order to overcome this barrier on collateral attack, a defendant must offer a valid reason why his earlier sworn statements should not be believed. *Id.* at 181; *Richardson v. United States,* 577 F.2d 447, 450 (8th Cir.1978). Johnson offers nothing in his petition or affidavits which convinces us that his plea was involuntary and made without knowledge of its consequences. In addition to Johnson's statements under oath affirming the voluntariness of his plea, the record contains affidavits from his trial counsel and the Assistant United States Attorney in charge of this case confirming that no bargain existed beyond what was stated in the written plea agreement. Also, at no time during the hearing was defendant led to believe that he was pleading guilty to only four counts instead of eight. His plea was taken as to each of the eight counts individually, and in the plea agreement it is clearly stated that Johnson would "waive indictment and consent to a Rule 20 transfer of one charge each" from Kansas, Minnesota, Montana and Wyoming. From the record it is clear that Johnson's plea was voluntary, and that he was aware of the nature of the charges against him as well as the possible consequences of his plea.

■ Similarly, the record militates against any naked allegation of sentencing arrangement such as is suggested by Johnson. Generally, when factual issues are raised in a § 2255 motion, a hearing should be held; however, where, as here, the record conclusively reveals that the defendant is entitled to no relief, a hearing is not necessary. *United States v. Walker,* 638 F.2d 1147, 1150 (8th Cir.1981); *Lambros,* 614 F.2d at 181; *United States v. Beck,* 606 F.2d 814, 816 (8th Cir.1979). As stated, the record lacks any credible showing of a sentencing deal and therefore no evidentiary hearing was necessary to further explore this issue.

In claiming ineffective assistance of counsel Johnson says that his appointed trial counsel failed to properly research the issues, apprize him of the correct maximum sentence, make discovery motions, order a drug evaluation of appellant, and present the promise of a five to seven year sentence to the court.

■ In order to prove ineffective assistance of counsel a defendant must demonstrate "(1) that his attorney failed to exercise the customary skills and diligence that a reasonably competent attorney would exercise under similar circumstances, and (2) that he was prejudiced by his attorney's ineffectiveness." *Hill v. Lockhart,* 731 F.2d 568, 572 (8th Cir.1984); *Carpenter v. United States,* 720 F.2d 546, 547–48 (8th Cir.1983); *see also Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984). Defendant also bears a heavy burden in overcoming the presumption that trial counsel is competent. *Carpenter,* 720 F.2d at 548.

■ Appellant's assertion that his trial counsel failed to properly research the issues relates to his first argument that he had violated § 2314 once, not eight times. Since we have held that appellant's argument in this regard is unconvincing, it follows that his trial counsel cannot be faulted.

Appellant also claims that his attorney incorrectly informed him that his maximum sentence if he went to trial on the Iowa charges could be 135 years when in fact the maximum was 95 years. This advice was not improper because with the addition of the four non-Iowa charges the possible maximum was 135 years. Moreover, if Johnson had not signed the plea agreement he would have faced prosecution in several other states which did not charge him because of the agreement.

As to discovery motions, it was unnecessary for Johnson's attorney to make any in light of the open file policy of the United States Attorney for the Northern District of Iowa. The drug evaluation was also unnecessary as the court was fully aware of Johnson's drug problem through the presentence report and counsel's comments at the hearing. As to the five to seven year sentence, Johnson's attorney did recommend to the court such a sentence, but as we concluded above no promise of a five to seven year sentence ever existed. In sum, we find appellant has failed to prove that his counsel did not exercise the customary skills and diligence of a reasonably competent attorney.

 Last, appellant argues that the sentence imposed violated the eighth amendment's prohibition against cruel and unusual punishment because it goes beyond the statutory maximum. A sentence which exceeds the statutory maximum, of course, is subject to our review. *United States v. Cruz*, 739 F.2d 395 (8th Cir.1984); *United States v. Russell*, 724 F.2d 725, 726 (8th Cir.1984). The sentence in this case, however, does not exceed statutory limits because, as we have held, appellant was properly convicted of eight violations of § 2314 and his sentence for each violation was ten years, which is the statutory maximum for this statute. If a sentence is found to be within statutory limits, generally we will review the sentence only if the appellant demonstrates clearly and convinc-

ingly that the trial court grossly abused its discretion. *Cruz*, 739 F.2d at 396. The record reveals that the trial judge based the sentence on the pre-sentence report, statements of counsel and defendant's previous record which was extensive and reflected an inability to live within the bounds of a lawful society. Johnson has failed to demonstrate any abuse of discretion and therefore we are convinced that the sentence imposed is proper.

Accordingly, the judgment of the district court is affirmed.[3]

---

**3.** We wish to thank appellant's appointed counsel for his capable and diligent prosecution of this appeal.