Horace E. HOLLIS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 85–1176.

United States Court of Appeals,
Eighth Circuit.

Submitted June 12, 1986.

Decided July 17, 1986.

Rehearing and Rehearing En Banc
Denied Aug. 27, 1986.

Springfield Baldwin, St. Louis, Mo., for appellant.

J. Bennett Clark, St. Louis, Mo., for appellee.

Before ROSS, McMILLIAN and BOWMAN, Circuit Judges.

ROSS, Circuit Judge.

Horace E. Hollis is before this court for the fourth time seeking relief from a sentence imposed after he pled guilty to five counts of interstate transportation of forged securities. In the present appeal, Hollis argues that the district court erred in denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. We find no error and accordingly, affirm.

**FACTS**

In June of 1979 Hollis was indicted in Delaware on eleven counts of interstate transportation of forged securities in violation of 18 U.S.C. § 2314. Each count involved a separate forged check which Hollis deposited at various banks in Delaware between August 31, 1978 and September 5, 1978. Hollis consented to a transfer of the case to the Eastern District of Missouri. *See* FED.R.CRIM.P. 20. Following plea negotiations, Hollis pled guilty to five counts and the government dismissed the other six counts. The counts to which Hollis pled guilty alleged: (1) the deposit of a $174.32 check on August 30, 1978; (2) the deposit of a $161.00 check on August 31, 1978; (3) the deposit of a $194.50 check on August 31, 1978; (4) the deposit of a $2,295.40 check on September 1, 1978; and (5) the deposit of a $2,975.40 check on September 5, 1978. On August 20, 1979 Hollis was sentenced to five consecutive five-year sentences on these counts, for a total of twenty-five years.

**1044**

Hollis' attorney filed an untimely notice of appeal. The appeal was dismissed by this court. *United States v. Hollis,* 647 F.2d 167 (8th Cir.1981). Hollis then filed a habeas action in which he alleged that: (1) he was denied effective assistance of counsel due to his attorney's failure to file a timely appeal; (2) he was denied effective assistance of counsel due to his attorney's failure to order an independent psychiatric examination; and (3) his guilty plea was involuntary because he relied on his attorney's representation that the maximum sentence he would receive would be five years. The district court denied Hollis' motion. On appeal, this court remanded the case to the district court for resentencing so that Hollis would have an opportunity to file a timely appeal. *See Hollis v. United States,* 687 F.2d 257, 259 (8th Cir.), *cert. denied,* 459 U.S. 1221, 103 S.Ct. 1228, 75 L.Ed.2d 462 (1982). The court found no merit in Hollis' other contentions. *Id.* at 260.

Prior to his resentencing, Hollis filed a motion to withdraw his guilty plea. This motion was denied. On November 24, 1982 the district court again sentenced Hollis to five-year consecutive terms on each of the five counts. Hollis' subsequent motion to reduce the sentence was denied and he appealed. On appeal, Hollis argued that: (1) the court abused its discretion in denying his motion to reduce his sentence; (2) the district court judge abused his discretion in failing to disqualify himself from the resentencing phase of the case; (3) the court should have ordered an evidentiary hearing to determine whether he was competent to plead guilty; (4) the court should have permitted him to withdraw his guilty plea on competency grounds; and (5) the court should have permitted him to withdraw his guilty plea because his attorney incorrectly assured him that he would receive a shorter sentence than that which he actually received. This court rejected each of Hollis' contentions. *United States v. Hollis,* 718 F.2d 277 (8th Cir.1983), *cert. denied,* 465 U.S. 1036, 104 S.Ct. 1309, 79 L.Ed.2d 707 (1984).

On August 1, 1984 Hollis filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He alleged eleven grounds for relief. The following four are preserved for our review: (1) the court lacked jurisdiction to convict him under 18 U.S.C. § 2314; (2) the court erred in imposing multiple and consecutive sentences; (3) he was denied effective assistance of counsel because his attorneys failed to advance the above two arguments and gave him an overly optimistic prediction of the sentence and parole eligibility date which he would receive; and (4) he relied to his detriment on promises made by the sentencing court at a 1979 hearing. The district court denied Hollis' motion. Hollis now appeals from this denial.

**DISCUSSION**

1. Jurisdiction

■ Each of the five counts which Hollis pled guilty to were couched in the following language:

> On or about *(date when check deposited),* at *(location where check deposited),* Horace Edward Hollis, Jr., with unlawful and fraudulent intent, did transport and cause to be transported in interstate commerce from *(location where check deposited)* to Jacksonville, Florida, a falsely made and forged security, knowing the same to be falsely made and forged * *.

Hollis argues that the court lacked jurisdiction to accept his guilty plea because the forged checks involved in the counts did not have a value of $5,000 or more.

Hollis' argument depends on his contention that he was indicted for violating the second paragraph of 18 U.S.C. § 2314. That paragraph requires that the stolen or fraudulently obtained securities have a value of $5,000 or more. *See, e.g., United States v. Lagerquist,* 758 F.2d 1279, 1281–82 (8th Cir.1985). It states:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transports or causes to be transported,

or induces any person to travel in, or to be transported in interstate commerce in the execution or concealment of a scheme or artifice to defraud that person of money or property having a value of $5,000 or more; * * *

\* \* \* \* \* \*

Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

Hollis' argument fails because a reading of his indictment reveals that he was charged with violating the *third* paragraph of 18 U.S.C. § 2314. This paragraph contains no minimum value requirement. It states:

Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities or tax stamps, knowing the same to have been falsely made, forged, altered, or counterfeited; * * *

\* \* \* \* \* \*

Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

The language of Hollis' indictment closely traces this third paragraph of section 2314, and thus gave Hollis notice that he was being charged under that paragraph.

We observe that Hollis was charged with transporting and "caus[ing] to be" transported falsely made and forged securities. Paragraph three of section 2314 does not specifically state that "causing" the transportation of a falsely made or forged security is an offense. It is well settled, however, that a defendant can be convicted under paragraph three for causing forged securities to be transported in interstate commerce by negotiating a forged check drawn on an out-of-state bank. *See United States v. Gray*, 531 F.2d 933, 935 (8th Cir.), *cert. denied*, 429 U.S. 841, 97 S.Ct. 117, 50 L.Ed.2d 110 (1976); *United States v. Buckles*, 495 F.2d 1377, 1379 (8th Cir.1974).

## 2. Multiple Sentences

▮ Hollis next argues that the court erred in imposing consecutive sentences for each of the five counts because the counts alleged only one offense. Hollis' argument depends on a determination that a single transportation of each of the five forged checks occurred. *See Castle v. United States*, 368 U.S. 13, 82 S.Ct. 123, 7 L.Ed.2d 75 (1961).

Three of the five checks involved in this case were deposited on different days. In *Strickland v. United States*, 325 F.2d 970 (8th Cir.1964), we held that a defendant who was collaterally attacking his conviction bore the burden of proving that his interstate transportation of several securities was simultaneous. We further ruled that evidence establishing the negotiation of two checks on the same day but at different establishments did not prove a single offense. Clearly, under *Strickland*, Hollis has not met his burden of proving a single interstate transportation of these three checks.

Hollis' argument with respect to the two checks deposited on August 31, 1978 is somewhat better due to our decision in *Cabbell v. United States*, 636 F.2d 246 (8th Cir.1980). In that case, we distinguished *Strickland* on the basis that the defendant had negotiated "several securities at a single bank at the same time." *Id.* at 248. We ruled that "[w]hen such simultaneous transactions occur, a court will presume a single interstate transportation unless the Government proves the contrary." *Id.*

The two checks at issue were both deposited in New Castle, Delaware. The indictment does not state the bank or banks in which the checks were deposited, however, and Hollis has not established that the checks were deposited at the same bank. Thus, the presumption established in *Cabbell* does not apply to this case.

## 3. Effective Assistance of Counsel

▮ Hollis' contention that his attorneys failed to provide him with effective assistance of counsel due to their failure to make the above arguments is, of course, belied by the fact that we have just rejected the above arguments. Hollis' claim that he was denied effective assistance of counsel by his attorney's overly optimistic predic-

tion of the sentence and parole eligibility date which he would receive from the sentencing court is also meritless. We have twice rejected substantially similar contentions by Hollis, and do so again. *See United States v. Hollis, supra,* 718 F.2d at 280–81; *Hollis v. United States, supra,* 687 F.2d at 260. *See generally Hill v. Lockhart,* — U.S. ——, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

### 4. Court Promises

Hollis finally argues that he relied to his detriment on statements and promises made by the court during a hearing held on June 5, 1979. Hollis fails, however, to specify what kind of statements or promises were made or how he was prejudiced. Moreover, the record reveals nothing about these alleged statements and promises. Hollis' vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255. *See Richardson v. United States,* 577 F.2d 447, 452 (8th Cir.1978), *cert. denied,* 442 U.S. 910, 99 S.Ct. 2824, 61 L.Ed.2d 276 (1979).

Accordingly, we affirm the district court's denial of Hollis' section 2255 motion.