52 F.3d 330
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Jackie McMULLEN, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-3421.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Apr. 7, 1995.
Filed: Apr. 19, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jackie McMullen appeals the district court's[1] order denying his 28 U.S.C. Sec. 2255 motion. After de novo review, we affirm.
 
 
 2
 In 1991, McMullen pleaded guilty to conspiring to distribute marijuana, in violation of 18 U.S.C. Sec. 371. At the time, McMullen was already serving a federal sentence for violating 21 U.S.C. Secs. 841 and 846. McMullen was sentenced to sixty months imprisonment, to run consecutively to his other federal sentence.
 
 
 3
 In his motion, McMullen alleged his guilty plea was not knowing and voluntary because he was under the influence of a mind- altering drug at the time. A review of McMullen's plea hearing transcript indicates that he informed the district court judge that he was not under the influence of any medication and that he clearly understood the rights he was waiving and the charges against him. Because McMullen failed to produce any evidence to support his allegation, we conclude he made a knowing, voluntary, and intelligent decision to plead guilty, and the district court properly accepted his plea. See United States v. Johnson, 751 F.2d 291, 294 (8th Cir. 1984), cert. denied, 471 U.S. 1126 (1985).
 
 
 4
 We also reject McMullen's claim that his 1991 conviction constituted double jeopardy. McMullen's 1991 conviction was for conduct that occurred while he was serving his sentence for his earlier conviction, and the offenses required proof of different elements. See United States v. Dixon, 113 S. Ct. 2849, 2856 (1993); Blockburger v. United States, 284 U.S. 299, 304 (1932). McMullen's claim that the district court should have imposed a concurrent sentence is meritless, because the conduct underlying the 1991 guilty plea occurred while McMullen was "serving a term of imprisonment." See U.S.S.G. Sec. 5G1.3.
 
 
 5
 Finally, as McMullen's claims are meritless, his counsel was not ineffective. See Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994).
 
 
 6
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Henry Woods, then United States District Judge for the Eastern District of Arkansas, now Senior United States District Judge for the Eastern District of Arkansas