# United States Court of Appeals
### For the Eighth Circuit
_____

No. 23-3146
_____

United States of America

*Plaintiff - Appellee*

v.

Kingsley Ogbeide, also known as James Oreye, also known as Emmanual
Richson, also known as King

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: March 19, 2024
Filed: April 5, 2024
[Unpublished]
_____

Before SMITH, GRUENDER, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Kingsley Ogbeide appeals after he pleaded guilty to conspiring to commit money laundering, and the district court[1] sentenced him to 121 months in prison. See 18 U.S.C. § 1956(a)(1)(B)(i), 1956(h). His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the substantive reasonableness of the sentence. Ogbeide has filed two pro se motions and raises additional sentencing challenges in a pro se brief.

We conclude that Ogbeide's sentence is substantively reasonable. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (reviewing the reasonableness of a sentence under a deferential abuse-of-discretion standard). The record establishes that the district court considered the statutory sentencing factors and did not overlook a relevant factor, give significant weight to an improper or irrelevant factor, or commit a clear error of judgment in weighing relevant factors. See 18 U.S.C. § 3553(a); United States v. Wilcox, 666 F.3d 1154, 1156-57 (8th Cir. 2012) (explaining that a district court has wide latitude to weigh factors and does not abuse its discretion by giving some factors less weight than a defendant prefers).

Further, we conclude that Ogbeide's pro se arguments provide no basis for relief. The district court was not bound by either party's recommendation, see United States v. Schiradelly, 617 F.3d 979, 981-82 (8th Cir. 2010) (per curiam); the sentencing-disparity argument fails, see United States v. Heard, 91 F.4th 1275, 1280 (8th Cir. 2024) (statutory directive to avoid unwarranted sentencing disparities refers to national disparities, not disparities with co-conspirators); and the prison sentence was not unconstitutionally excessive, see 18 U.S.C. § 1956(a)(1) (maximum 20-year prison sentence); United States v. Johnson, 751 F.2d 291, 295 (8th Cir. 1984). We decline to address in this direct appeal any claims of ineffective assistance of counsel. See United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006).

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

Finally, we have independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. Accordingly, we affirm the judgment of the district court, we deny as moot the motion to quash and proceed pro se, we deny the motion to appoint new counsel, and we grant counsel's motion to withdraw.

_____