UNITED STATES of America, Plaintiff–Appellee,

v.

Sam ROVETUSO, Defendant–Appellant.

No. 86–2465.

United States Court of Appeals, Seventh Circuit.

Argued April 21, 1987.

Decided July 13, 1987.

Kenneth N. Flaxman, Chicago, Ill., for defendant-appellant.

James P. Fleissner, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.

CUMMINGS, Circuit Judge.

Defendant was the unlucky subject of three separate criminal prosecutions in 1983 in the courtrooms of three different district court judges. The chronological sequence of those prosecutions engendered the present controversy and the course of events must therefore be reviewed in some detail.

On September 27, 1983, a jury found the defendant guilty of attempting to murder a federal witness to prevent his testifying in a federal case, of obstructing justice, and of conspiring to deprive the witness of his constitutional right to testify. Judge Kocoras, to whom the case (83 CR 421) had been assigned, ordered the defendant held in custody pending sentencing in lieu of a $100,000 cash bail.

Following his conviction, the defendant began to cooperate with the government in several investigations. On October 11, 1983, he pleaded guilty before Judge Bua to two counts of mail fraud in an apparently unrelated case (83 CR 482). As a result of his cooperation, he was able to secure a reduction in his bail in the case before Judge Kocoras from $100,000 cash to $10,000 secured by a 10 percent cash deposit and was released from custody on November 4, 1983. On the same day the defendant was released, Judge Bua entered an order that set the defendant's bail in the case before him (83 CR 482) as the same bond set by Judge Kocoras in 83 CR 421 and provided that any bond posted in 83 CR 421 would stand as bond in 83 CR 482.

On November 30, 1983, Judge Bua sentenced the defendant in 83 CR 482 to two concurrent four-month terms of imprisonment to be served "concurrently with any sentence imposed by Judge Charles P. Kocoras in case number 83 CR 421." Judge Bua did not set a date on which the defendant was required to surrender and he consequently was able to remain free on bond. On December 14, 1983, Judge Kocoras sentenced the defendant in 83 CR 421 to two concurrent six-year terms of imprisonment and placed him on probation for a period of five years to run consecutively to the terms of imprisonment. The defendant appealed his conviction in 83 CR 421 on December 23, 1983, and Judge Kocoras permitted him to remain enlarged on bail pending appeal.

The true confusion in this case began on December 20, 1983, when the defendant pleaded guilty before Judge Moran in yet a third case (83 CR 539) to one count of mail fraud and one count of making false statements. Like Judge Bua, Judge Moran had earlier entered an order that set the defendant's bail in the case before him (83 CR 539) as the same bond set by Judge Kocoras in 83 CR 421 and provided that any bond posted in 83 CR 421 would stand as bond in 83 CR 539. The defendant thus remained free on bond pending sentencing. On February 14, 1984, Judge Moran sentenced the defendant to a two-year term of imprisonment "to run concurrently with the sentence imposed in 83 CR 421 by Judge Kocoras" and placed him on probation for a period of five years to run consecutively to the two-year term of imprisonment and to "the sentence imposed in 83 CR 421 by Judge Kocoras respecting probation." On the day on which he was to surrender to begin serving his sentence in 83 CR 539, the defendant attempted to withdraw his guilty plea in that case. After a limited hearing, Judge Moran denied the defendant any relief and refused to permit him to remain enlarged pending appeal. The defendant had also filed a motion to reduce his sentence in 83 CR 539 pursuant to Fed.R.Crim.P. 35 which was denied on June 18, 1984. Judge Moran then again ordered the defendant to surrender and he entered the custody of the Bureau of Prisons on July 26, 1984.

Although the defendant began to serve his sentence in 83 CR 539, he did not attempt to have his bond revoked in the case before Judge Kocoras, which was being appealed. Thus despite the fact that he was in custody for purposes of 83 CR 539, he was actually still enlarged for purposes of 83 CR 421. Because the sentences in 83 CR 539 and 83 CR 482, the case before Judge Bua, were to be served concurrently with the sentence in 83 CR 421, this situation needless to say provoked a great deal of confusion within the Bureau of Prisons

as to precisely which sentences the defendant was serving. The Bureau initially determined that the defendant should receive credit for time served on all three sentences. However, in response to an inquiry by prison authorities, Judge Moran issued an order clarifying his original Judgment and Commitment Order in 83 CR 539, which specified that the two-year sentence would run concurrently with the sentence imposed by Judge Kocoras in 83 CR 421. The clarifying order, dated September 18, 1984, provided as follows:

> The Judgment and Commitment Order entered on February 14, 1984 is affirmed and the sentence the defendant is presently serving at this time is the sentence imposed by Judge Moran, since the sentence imposed in 83 CR 421 by Judge Kocoras is being appealed by the defendant at the present time.

As a result, in the fall of 1984 the Bureau concluded that for purposes of crediting time served the defendant was serving only the two-year sentence in 83 CR 539 and the four-month sentence in 83 CR 482 since execution of the six-year sentence in 83 CR 421 had been stayed pending appeal.

The defendant was released from prison on October 4, 1985, having completed serving the prison sentences imposed by Judge Moran in 83 CR 539 and Judge Bua in 83 CR 482. This Court had affirmed his conviction in 83 CR 421 on July 16, 1985, and the United States Supreme Court denied his petition for a writ of certiorari on January 13, 1986. *United States v. Rovetuso,* 768 F.2d 809 (7th Cir.1985), certiorari denied, 474 U.S. 1076, 106 S.Ct. 838, 88 L.Ed.2d 809. The defendant then proceeded to file a Rule 35 motion with Judge Kocoras to reduce his sentence in 83 CR 421. The motion principally sought a reduction in his two concurrent six-year sentences to two concurrent four-year sentences to reflect the two years he served in federal custody in 83 CR 539.[1] The defendant argued that it would be "manifestly unfair" to require him to serve the full six years "when nei-

ther Judge Moran nor this Court [Judge Kocoras] intended the defendant to serve consecutive sentences" (Def. Br. 3).

Judge Kocoras denied the motion in a short memorandum order. He explained that regardless of what Judge Moran intended, it was never his intention that the two concurrent six-year sentences in 83 CR 421 run currently with the two-year sentence in 83 CR 539. He further emphasized that he did not consider the matters giving rise to the sentence in 83 CR 539 in imposing the six-year sentences and that they did not serve to enhance the defendant's punishment in 83 CR 421. He indicated that the two concurrent six-year terms of imprisonment were warranted by the seriousness of the crimes which the defendant had committed, and concluded that "[t]he sentence was a fair and proper one when imposed and it continues to be" (Def. App. 3). Accordingly, the judge ordered the defendant to surrender to begin serving his sentence in 83 CR 421 on September 26, 1986, which he presently did.

The defendant appeals Judge Kocoras' denial of his Rule 35 motion. However, as even he concedes, our standard of review is extremely limited. The decision to grant or deny a timely filed Rule 35 motion is a matter of pure discretion. See *Gaertner v. United States,* 763 F.2d 787, 795 (7th Cir. 1985), certiorari denied, 474 U.S. 1009, 106 S.Ct. 535, 88 L.Ed.2d 466. A Court of Appeals has no power "to change or reduce sentences imposed within the requisite legislative limits on the ground that the sentence is too severe, *Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), unless the trial court failed to exercise any discretion at all in imposing sentence." *United States v. Dawson,* 642 F.2d 1060, 1062 (7th Cir.1981); see *United States v. Davies,* 683 F.2d 1052, 1054 (7th Cir.1982). Indeed, in *United States v. Kajevic,* 711 F.2d 767, 771 (7th Cir.1983), this Court acknowledged that "a timely denial [of a Rule 35 motion] without reasons will

---

1. The defendant advanced his continued cooperation with the government as an additional ground for reducing his sentence in 83 CR 421. In view of the extremely narrow scope of appellate review of a denial of a Rule 35 motion, the defendant at oral argument indicated that he was not pursuing this argument on appeal.

be, for all practical purposes, unreviewable."

The two concurrent six-year terms of imprisonment imposed by Judge Kocoras in 83 CR 421 were within the legislative limits. At the time of the sentencing, violations of 18 U.S.C. § 241 (conspiracy to deprive a citizen of his constitutional rights), not resulting in death, and violations of 18 U.S.C. § 1512(a) (tampering with a witness) could each be punished by not more than ten years imprisonment.[2] And the memorandum opinion filed by Judge Kocoras in denying the defendant's motion certainly evidences an exercise of sound discretion in considering the defendant's arguments and ultimately reaffirming his original judgment that the seriousness of the defendant's crimes warranted a six-year sentence.

Nevertheless the defendant maintains that Judge Kocoras abused his discretion in refusing "to correct the injustice of requiring defendant to serve his six year sentence consecutively to the two year sentence" (Def. Br. 5). The problem with this argument is that our scope of review on this appeal is limited to Judge Kocoras' order denying the defendant's Rule 35 motion. We do not have before us any of the sentencing orders issued by Judge Moran in 83 CR 539 or the decision of the Bureau of Prisons in the fall of 1984 to credit the defendant with time served only on the sentences imposed by Judge Moran in 83 CR 539 and Judge Bua in 83 CR 482 and not the sentence imposed by Judge Kocoras in 83 CR 421. The confusion surrounding the defendant's imprisonment was created by ambiguities in Judge Moran's orders and the Bureau's decision, not by Judge Kocoras' sentencing the defendant to two concurrent six-year terms in 83 CR 421.

We begin by noting that nothing that Judge Moran did in 83 CR 539 could have had any kind of compulsory effect on Judge Kocoras' actions in 83 CR 421. As far as the record reveals, the two cases were unrelated other than for the identity of the defendant. If Judge Moran in 83 CR 539 had at the outset sentenced the defendant to a two-year term of imprisonment to run consecutively to any sentence imposed in 83 CR 421, Judge Kocoras would not have been compelled to reduce his two concurrent six-year sentences to two concurrent four-year sentences. Similarly, the fact that Judge Moran issued conflicting interpretations of his sentencing order in 83 CR 539 in no way compelled Judge Kocoras to reduce his sentence in 83 CR 421. Although Judge Kocoras certainly could have reduced his sentence in 83 CR 421 to reflect the time the defendant served in 83 CR 539, he did not abuse his discretion by not doing so.

The defendant had numerous opportunities to challenge Judge Moran's sentencing order in 83 CR 539 but failed to avail himself of any of them. When Judge Moran initially ordered him to surrender in March of 1984, the defendant should have filed a Rule 35(b) motion to reduce or otherwise modify his sentence on the ground that because his sentence in 83 CR 421 had been stayed pending appeal, it was impossible for him to serve his sentence in 83 CR 539 concurrently with that in 83 CR 421.[3] It was incumbent upon the defendant, who was represented by counsel at the time, to bring to the attention of Judge Moran the status of his sentence and appeal in 83 CR 421; Judge Moran certainly had no independent obligation to ascertain this information before ordering execution of the sentence he imposed. Had he been so informed, Judge Moran could have (1) reduced his sentence in 83 CR 539 to a period of probation, (2) stayed execution of the two-year term of imprisonment pending resolution of the appeal in 83 CR 421, or (3) ordered the defendant to begin serving his sentence in 83 CR 539 regardless of the status of the sentence in 83 CR 421. In the event that Judge Moran selected option (3), the defendant could then have decided to begin serving his sentence in 83 CR 421

---

**2.** 18 U.S.C. § 1512(a) was amended in 1986 to increase the penalties for killing or attempting to kill a federal witness.

**3.** The defendant apparently did file a Rule 35 motion with Judge Moran which was summarily denied on June 18, 1984. The record, however, does not reveal the grounds raised by the motion nor any reasons for its denial.

despite the pending appeal and moved Judge Kocoras to exonerate his bond in that case. Without some action on his part, however, to inform Judge Kocoras of his intention to begin serving his sentence in 83 CR 421, the defendant remained enlarged pending appeal in that case even though he was incarcerated in 83 CR 539 and 83 CR 482.[4]

Even if the defendant had remained silent before surrendering in 83 CR 539, he still could have challenged Judge Moran's sentence at the time the judge issued his clarifying order in September 1984, which indicated that the defendant was then serving the sentence which he imposed in 83 CR 539 since the sentence in 83 CR 421 was being appealed. It is certainly arguable that the effect of the clarifying order was to change what was originally a concurrent sentence to a consecutive sentence and thereby illegally increased the sentence previously imposed after the defendant had already begun to serve it in violation of the Double Jeopardy Clause. See *United States v. Earley*, 816 F.2d 1428 (10th Cir. 1987) (*en banc*) (district court could not issue an order five months after defendant had already begun to serve sentence clarifying that sentence was to run consecutively to, rather than concurrently with, a preexisting federal sentence which defendant was serving at the time sentence was imposed); *United States v. Niemiec*, 689 F.2d 688, 692 (7th Cir.1982) (district court may amend order of commitment to reflect more clearly the judge's intent as long as amendment does not increase sentence previously imposed but merely recites and reaffirms the sentence originally imposed); see also *United States v. DiFrancesco*, 449 U.S. 117, 134, 101 S.Ct. 426, 436, 66 L.Ed.2d

328 (1980) (acknowledging general rule that sentencing judge may not increase sentence after defendant has already begun to serve it but nevertheless holding that appellate review by the government pursuant to 18 U.S.C. § 3576 of sentence imposed upon a "dangerous special offender" does not violate Double Jeopardy Clause). The defendant could have raised this argument in either a Rule 35(a) motion which allows the correction of illegal sentences at any time or in a petition pursuant to 28 U.S.C. § 2255 which permits a defendant "to seek reduction or correction of sentence in cases where fundamental defects result in a complete miscarriage of justice." *Gaertner v. United States*, 763 F.2d 787, 795 (7th Cir. 1985).

Because the defendant failed to make either of these motions at the appropriate time and has now completed serving the sentence imposed by Judge Moran in 83 CR 539, we express no opinion as to the legality of Judge Moran's clarifying order if construed as one changing the original sentence from a concurrent to a consecutive one. We therefore need not decide whether to follow *Earley* and similar cases. We do note, however, that in *Earley* the defendant was already serving a preexisting federal sentence when the district court attempted to change the sentence which it had imposed from a concurrent to a consecutive one. In contrast, in this case the defendant was not already serving a preexisting sentence; indeed, the sentence in 83 CR 421 had been stayed pending appeal, and hence it would have been impossible for the defendant to have served Judge Moran's sentence concurrently with Judge Kocoras'.[5]

---

**4.** The fact that the defendant remained enlarged pending appeal in 83 CR 421 was not totally without benefit to him. When he was released from prison after completing his two-year sentence in 83 CR 539 on October 4, 1985, he was able to remain out of custody until he was finally ordered to surrender by Judge Kocoras in 83 CR 421 on September 23, 1986.

**5.** The government suggests that Judge Moran originally imposed sentence on the defendant in 83 CR 539 based on the inaccurate expectation that there would be no appeal in 83 CR 421. It argues that this expectation was legitimate in

view of the fact that the defendant had begun to cooperate with the government and had entered guilty pleas in 83 CR 539 and 83 CR 482. When Judge Moran later learned that this expectation was not correct, he was, according to the government, entitled to clarify his judgment and commitment order to the effect that the sentence he imposed in 83 CR 539 would not be served concurrently to the one in 83 CR 421, which had been stayed pending appeal.

The defendant counters that Judge Moran could not have had a legitimate expectation of no appeal in 83 CR 421 since the defendant had

The defendant had yet another opportunity to challenge the sentencing order in 83 CR 539 when the Bureau of Prisons, in reliance on Judge Moran's clarifying order, made its decision to credit the defendant with time served only in 83 CR 539 and 83 CR 482, and not in 83 CR 421. The defendant could have attempted to obtain judicial review of the Bureau's decision, but once again failed to do so.

Judge Moran may well have intended for his sentence in 83 CR 539 to be served concurrently with the sentence imposed by Judge Kocoras in 83 CR 421.[6] Unfortunately, his actions were inconsistent with that intent, and the defendant consistently failed to initiate timely steps to secure judicial review of Judge Moran's admittedly ambiguous and conflicting pronouncements. In any event, Judge Moran's intentions are no longer relevant since all that is before us now is Judge Kocoras' order denying the defendant's Rule 35 motion to reduce the sentence in 83 CR 421. Judge Kocoras clearly expressed his intent that that sentence was not to be served concurrently with any other and that it was in no way dependent upon either the facts of or the punishments imposed in the unrelated cases before Judge Moran and Judge Bua. Regardless of whatever deficiencies there might have been in Judge Moran's sentence, we cannot say that Judge Kocoras abused his discretion in refusing to reduce his sentence to reflect or correct those deficiencies. The district court's order is affirmed.

---

filed his notice of appeal in that case on December 23, 1983, almost two months prior to the sentencing in 83 CR 539. However, there is no indication that Judge Moran had knowledge of the appeal and as was discussed in the text, it was the defendant's obligation to so inform him.

**6.** Counsel for the defendant has provided us with a copy of a letter written by Judge Moran

to the defendant dated April 15, 1987, which once again provides that his "intention and expectation at the time [he] imposed a custody sentence in [the defendant's] case was that it would be served concurrently with the sentence imposed by Judge Kocoras in the case before him."