UNITED STATES of America,
Plaintiff–Appellee,

v.

Peter A. MAKRES, also known
as Jerome K. Callahan,
Defendant–Appellant.

No. 89–2174.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 18, 1991.
Decided July 26, 1991.

Thomas M. Durkin, Asst. U.S. Atty., Jacqueline Oreglia, Office of the U.S. Atty., Crim. Div., Chicago, Ill., for plaintiff-appellee.

Robert S. Bailey, Chicago, Ill., for defendant-appellant.

Before BAUER, Chief Judge, POSNER and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

Peter Makres appeals the denial by the district court of both his motion to correct an allegedly illegal sentence pursuant to Federal Rule of Criminal Procedure 35(a), and his motion for discretionary reduction of sentence, pursuant to Federal Rule of Criminal Procedure 35(b). For the following reasons, we affirm.

## I

## BACKGROUND

### A. *The Underlying Conviction and Sentence*

In 1982, Mr. Makres pled guilty to five counts of violating 18 U.S.C. § 2314.[1] Mr. Makres forged endorsements on and cashed five checks that he had stolen from his Chicago employer. He cashed four of the checks on May 21, 1982, and the fifth, on May 25, 1982. All five checks were cashed in Greensboro, North Carolina, and were transported in interstate commerce as a result of the normal check clearing process. The prosecution proffered the following factual basis for the indictment at a Rule 11 inquiry:

> [T]he government would present the testimony of several bank tellers who would testify that the defendant cashed the checks described in the indictment. The

---

1. The statute reads in pertinent part:

    Whoever with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities or tax stamps, knowing the same to have been falsely made, forged, altered, or counterfeited ...

    .    .    .    .    .

    Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

18 U.S.C. § 2314.

The 1982 plea at issue here related to one of several indictments that had been transferred to the Northern District of Illinois pursuant to Federal Rule of Criminal Procedure 20.

government would also introduce bank surveillance photos and films to show that the defendant was the one who cashed those stolen checks.

Tr. of Dec. 22, 1982 at 26 (R.77 at A29). Mr. Makres admitted having committed these acts.

The district court (Getzendanner, J.) sentenced Mr. Makres to one year of work release on Count One and five years of probation on Counts Two through Five. This "lenient sentence" was based on the district court's concern about Mr. Makres' potentially suicidal stepson. *United States v. Makres*, 851 F.2d 1016, 1016 (7th Cir. 1988) (affirming revocation of probation and resentencing). Unfortunately, Mr. Makres' odyssey through the legal system did not end there:

> In May 1985, while serving time at the [Metropolitan Correctional Center] for an unrelated parole violation and while on probation from Judge Getzendanner, Makres failed to return from a furlough. On December 22, 1986, he was arrested in Birmingham, Alabama, and charged with possession of child pornography. The police seized explicit photographs of the defendant engaging in sexual conduct with his minor stepson.

*Id.* at 1017. Mr. Makres also allegedly had passed approximately $117,000 worth of bad checks since May 1985. The district court revoked his probation and resentenced him to consecutive ten-year terms on Counts Two, Three, and Four, as well as a consecutive term of five years' probation on Count Five. This court affirmed. *Id.* at 1019.

**B.** *The Present Rule 35 Motions*

Mr. Makres then filed a *pro se* Rule 35(b) motion for discretionary reduction of sentence, and an amended Rule 35(b) motion was later filed by his appointed counsel. The district court (Hart, J.) denied the motion on May 24, 1989.

While Mr. Makres' appeal from the denial of his Rule 35(b) motion was pending, this court remanded his appeal for the limited purpose of allowing the district court to consider a Rule 35(a) motion for correction of an allegedly illegal sentence.[2] *See* Order of Nov. 30, 1989. In the district court, Mr. Makres raised what amounted to a double jeopardy challenge. He argued that "the unit of prosecution in cases charging the interstate transportation of forged securities under 18 U.S.C. 2314 . . . is dependent upon the number of transportations involved, not the number of securities involved." R.76 at 4. He therefore contended that, if the three checks that formed the basis of his three consecutive ten-year terms actually had traveled together in a single interstate transportation, "one crime, not three, is made out by the evidence and the consecutive maximum sentences are, as a consequence, illegal." *Id.* at 5. Mr. Makres thus requested an evidentiary hearing to determine if there had been only one interstate transportation involving all three checks.

The district court denied Mr. Makres' Rule 35(a) motion. *United States v. Makres*, 741 F.Supp. 727 (N.D.Ill.1990). The court noted that a defendant who *personally* transports more than one forged check across state lines in a single trip commits only one violation of section 2314. *Id.* at 729 (citing *Castle v. United States*, 368 U.S. 13, 82 S.Ct. 123, 7 L.Ed.2d 75 (1961) (per curiam)). The court next discussed a division among the circuits regarding the type of situation relevant here, "when the defendant causes another to do the transporting." *Id.* The Ninth Circuit, for example, has held that only one violation of section 2314 occurs if the defendant causes more than one check to be transported together. *See Gilinsky v. United States*, 368 F.2d 487 (9th Cir.1966). Under this analysis, the transportation of the checks, not their negotiation, determines the unit of prosecution under section 2314. However, in this circuit, courts have focused on the number of separate transactions rather than the " 'happenstance of bank transmission procedure[.]' " *United*

---

**2.** Because the offenses for which Mr. Makres was sentenced occurred prior to November 1, 1987, the applicable version of Rule 35(a) permitted the court to "correct an illegal sentence at any time."

*States v. Dilts,* 501 F.2d 531, 535 (7th Cir. 1974) (per curiam) (quoting *Amer v. United States,* 367 F.2d 803, 805 (8th Cir.1966)).[3]

The district court rejected the government's argument that the reference to "several bank tellers" and multiple "bank surveillance photos and films" in the proffer of evidence at the Rule 11 inquiry was sufficient to prove that each check had been negotiated at a different bank. 741 F.Supp. at 732. Nonetheless, the court held that Mr. Makres could not use a Rule 35(a) motion to attack his sentence as illegal under the facts of this case:

> Facts outside the record cannot be considered.... The convictions on five counts ... must be presumed to be valid and since the record does not show that any of the counts were based on cashing a check on the same day and at the same bank as charged in another count, imposing consecutive sentences cannot be found to be illegal on a Rule 35(a) motion.

*Id.* at 733 (citations omitted). A motion for reconsideration was denied, and Mr. Makres' appeal was reactivated in this court under the terms of the November 1989 remand order.

## II

## ANALYSIS

### A. *Rule 35(a)*

■ Mr. Makres asks this court to distinguish *Flick* and *Dilts,* and to adopt the interpretation of section 2314 followed by the Ninth Circuit in · *Gilinsky.* However, we need not reach the substantive merits of his appeal from the denial of relief under Rule 35(a). His attempt to seek an evidentiary hearing to determine if his 1982 convictions violated the double jeopardy clause is precluded by the express holding of the Supreme Court in *United States v. Broce,* 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). *Broce* involved defendants who pled guilty to two counts of bid rigging on highway contracts, in violation of the Sherman Act, 15 U.S.C. § 1. *Id.* at 565, 109 S.Ct. at 760. After a court in another case [4] determined that there had been a long-term, widespread attempt to rig bids in the relevant market, the *Broce* defendants filed a Rule 35(a) motion to vacate their sentences on one of the counts. They claimed that the separate sentences violated their double jeopardy rights because the alleged "bid-rigging schemes ... were but a single conspiracy." *Id.* at 567, 109 S.Ct. at 761. The Supreme Court rejected this attempt to use a Rule 35(a) motion to attack collaterally a final judgment based on a voluntary guilty plea:

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the under-

---

3. *See also United States v. Flick,* 516 F.2d 489, 496 (7th Cir.) ("each of the checks was negotiated at a different time and place and, therefore, the defendant is responsible for causing separate interstate transportations to take place even if we assume that, for reasons unrelated to his own wrongful conduct, two checks may actually have traveled across state lines in the same interstate carrier"), *cert. denied,* 423 U.S. 931, 96 S.Ct. 282, 46 L.Ed.2d 260 (1975).

The Fifth Circuit has held that the "happenstance" that checks, which passed to different clerks at the same store at different times but on the same day, "may have traveled together from Texas to New Mexico will not convert these multiple offenses into a single violation." *United States v. White,* 524 F.2d 1249, 1254 (5th Cir.1975), *cert. denied,* 426 U.S. 922, 96 S.Ct. 2629, 49 L.Ed.2d 375 (1976); *cf. United States v.*

*Driscoll,* 454 F.2d 792, 801 (5th Cir.1972) (six checks negotiated in three separate transactions could properly support conviction on only three counts, not six).

The Eighth Circuit has held that separate transactions at different banks support separate convictions, *see Cabbell v. United States,* 636 F.2d 246, 248 (8th Cir.1980), but apparently has not foreclosed the possibility that a defendant might establish that money orders negotiated at different banks "did in fact travel in interstate commerce together." *United States v. Johnson,* 751 F.2d 291, 293 (8th Cir.1984), *cert. denied,* 471 U.S. 1126, 105 S.Ct. 2659, 86 L.Ed.2d 275 (1985).

4. *United States v. Beachner Constr. Co.,* 555 F.Supp. 1273 (D.Kan.1983), *aff'd* 729 F.2d 1278 (10th Cir.1984).

lying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack. There are exceptions where on the face of the record the court had no power to enter the conviction or impose the sentence.... The general rule applies here to bar the double jeopardy claim. *Id.* at 569, 109 S.Ct. at 762.

■ Mr. Makres has made no real effort in this court to distinguish *Broce.* He does not claim that his 1982 guilty plea was involuntary. Nor does he raise an ineffective assistance of counsel claim.[5] Most important, by arguing that "[o]nly through an evidentiary hearing is it possible to develop the facts concerning the negotiation and transportation of the checks," Appellant's Br. at 18, he concedes that no *facial* double jeopardy violation exists in this case. The fact that the original Rule 11 inquiry does not demonstrate affirmatively that each check was negotiated at a different place and at a different time does not require another result. In *Broce,* the Supreme Court specifically noted that its "decisions have not suggested that conscious waiver is necessary with respect to each potential defense relinquished by a plea of guilty." 488 U.S. at 573, 109 S.Ct. at 764.[6] Therefore, as the Supreme Court held in *Broce,* we hold that his collateral "double jeopardy challenge is foreclosed by the guilty pleas and the judgments of conviction." *Id.* at 565, 109 S.Ct. at 760.[7]

### B. *Rule 35(b)*

■ Mr. Makres also asks this court to vacate, as an abuse of discretion, the district court order denying his motion for discretionary reduction of sentence. Our task here is complicated by the fact that the court gave no reason for its denial. Nonetheless, we must acknowledge the "extremely limited" standard of review that applies in such cases, because "[t]he decision to grant or deny a timely filed Rule 35 motion is a matter of pure discre-

---

**5.** The procedural posture of Mr. Makres' case bears no resemblance to that of cases for which the Supreme Court recognized an exception to the rule reaffirmed in *Broce. See* 488 U.S. at 574–76, 109 S.Ct. at 765–66 (citing *Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) (per curiam) (no waiver of double jeopardy claim if defendant pleads guilty for refusal to testify before grand jury after having already served sentence for identical offense); *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) (presumption of prosecutorial vindictiveness arises if defendant is indicted on a felony after appealing misdemeanor conviction)).

**6.** *See also Taylor v. Whitley,* 933 F.2d 325, 330 (5th Cir.1991) (concluding that " 'deliberate relinquishment' requirement does not apply to double jeopardy violations that are not apparent on the face of the indictments or trial court record at the time the defendant enters his plea"); *cf. Valencia v. United States,* 923 F.2d 917, 921 (1st Cir.1991) (under Rule 11, "defendant must be informed of every essential element of the alleged offense, and the court must determine that the defendant understands the charges, with due regard for their complexity and the individual characteristics of the particular defendant") (citations omitted).

To the extent that our decision in *United States v. Baugh,* 787 F.2d 1131 (7th Cir.1986) (per curiam), might suggest a contrary rule to that announced in *Broce,* it was, of course, overruled by the Supreme Court's decision in *Broce.*

(In *Baugh,* this court relied in part on the decision of the Tenth Circuit that was reversed in *Broce. See Baugh,* 787 F.2d at 1132 n. 3 (citing *United States v. Broce,* 781 F.2d 792 (10th Cir. 1986) (en banc))).

We also note that, had the district court conducted a hearing in the present case, the defendant would not have succeeded under the prevailing rule in this circuit because he conceded in the district court that the checks in question were cashed in different banks. *See* R.80 at 3. *But see* Appellant's Br. at 15–16 (contending that "concession" of separate negotiation did not mean that each check was negotiated at separate bank). We further note that the district court correctly determined that, had it construed the motion as one for relief under 28 U.S.C. § 2255, there is no basis for overturning the conviction on the present record. *See United States v. Makres,* 741 F.Supp. 727, 733 (N.D. Ill.1990). Mr. Makres can show neither "cause" nor "prejudice" for his failure to raise the issue earlier. With respect to cause, he makes no ineffective assistance of counsel claim. With respect to prejudice, he concedes that the transactions in question were at separate banks.

**7.** *See also United States v. Allen,* 724 F.2d 1556, 1558 (11th Cir.1984) (holding that defendant cannot collaterally attack conviction on two counts of transporting stolen vehicles in interstate commerce "[a]lthough a full examination of the facts after an evidentiary hearing might definitively demonstrate whether both stolen automobiles were shipped together").

tion." *United States v. Rovetuso,* 840 F.2d 363, 365 (7th Cir.), *cert. denied,* 484 U.S. 903, 108 S.Ct. 245, 98 L.Ed.2d 203 (1987); *accord Gaertner v. United States,* 763 F.2d 787, 795 (7th Cir.), *cert. denied,* 474 U.S. 1009, 106 S.Ct. 535, 88 L.Ed.2d 466 (1985).[8]

As amended by his appointed counsel, Mr. Makres' Motion for Sentence Reduction was nothing more than a plea for leniency based on his alleged "psychotic disorders" and need for "residential psychiatric therapy so that he can be rehabilitated." R.61. An unadorned denial of that motion by the district court is quite understandable in light of Mr. Makres' extensive history of criminal behavior. In this appeal, he has failed to provide any affirmative evidence that the district court abused its discretion. We see no reason to authorize yet another visit to district court to require the court to state the obvious.

### Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.

---

**8.** This court has observed several times that "a timely denial [of a Rule 35 motion] without reasons will be, for all practical purposes, unreviewable." *United States v. Kajevic,* 711 F.2d 767, 771 (7th Cir.1983), *cert. denied,* 464 U.S. 1047, 104 S.Ct. 721, 79 L.Ed.2d 182 (1984); *accord Rovetuso,* 840 F.2d at 365–66; *see also Gaertner,* 763 F.2d at 795 ("judge's decision would be essentially unreviewable").