968 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Archie B. HENDERSON, Defendant/Appellant.
 No. 91-2948.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1992.*
Decided July 7, 1992.
 
 Before CUDAHY and COFFEY, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Henderson pleaded guilty to mail and wire fraud and to making false loan applications. 18 U.S.C. §§ 1341, 1342, 1014. He was sentenced to three consecutive terms of imprisonment totaling eleven years. Henderson claimed that the sentence violated the Double Jeopardy clause and asked the district court to amend his sentence under Fed.R.Crim.P. 35(a). The district court denied the motion, and we affirm.
 
 
 2
 The version of Rule 35 that applies to offenses committed before November 1, 1987, allows a district court to "correct an illegal sentence at any time." Fed.R.Crim.P. 35(a) (1987). Illegal sentences include those violating the Double Jeopardy clause. United States v. Rovetuso, 840 F.2d 363, 367 (7th Cir.), cert. denied, 484 U.S. 903 (1987) (in dicta ); United States v. Mack, 494 F.2d 1204, 1207 (9th Cir.1974). The Double Jeopardy clause protects against three separate constitutional violations: (1) successive prosecutions after conviction, (2) successive prosecutions after acquittal, and (3) multiple punishment for the same offense. Grady v. Corbin, 110 S.Ct. 2084, 2090 (1990).
 
 
 3
 In cases involving only multiple punishments, the Double Jeopardy clause "does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Id. at 2091. This means that a court may impose a separate penalty for each count of conviction if the counts were intended to be separate offenses. Under the well-established test from Blockburger v. United States, two offenses are separate if each requires "proof of an additional fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932).
 
 
 4
 The Blockburger test thus prevents Henderson from claiming double jeopardy. This court has already determined that wire fraud, mail fraud and bank fraud are separate offenses requiring separate and distinct elements of proof. See United States v. Hartmann, 958 F.2d 774 (7th Cir.1992); United States v. Ledesma, 632 F.2d 670, 678 (7th Cir.), cert. denied, 449 U.S. 998 (1980).
 
 
 5
 Henderson agrees that this would have been true before the Supreme Court's case in Grady v. Corbin, but argues that Grady overrules Blockburger sub silentio. See Grady, 110 S.Ct. at 2090-91. In fact, the opposite is true. Although Grady develops a new test for cases involving successive convictions, it specifically approves of the Blockburger test in cases involving multiple sentences. Id. We recognized this in Hartmann, 958 F.2d 774, a post-Grady multiple sentencing case using the Blockburger analysis.
 
 
 6
 Thus, the district court's denial of Henderson's Rule 35 motion is
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs