974 F.2d 1340
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kirtiss R. FOWLKES, Defendant-Appellant.
 No. 91-2374.
 United States Court of Appeals, Seventh Circuit.
 Argued July 7, 1992.
Decided July 22, 1992.
 
 Before CUDAHY, COFFEE and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Kirtiss R. Fowlkes pled guilty to conspiring to possess cocaine with intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and to conspiring to engage in money laundering, in violation of 18 U.S.C. §§ 371 and 1956. He was sentenced to twelve years in prison followed by ten years of supervised release and $100 in special assessments. Fowlkes appeals from the district judge's denial of the government's Rule 35(b) motion. We affirm.
 
 
 2
 On October 19, 1989, Fowlkes was arrested by federal drug agents and local police near Sauk City, Wisconsin, and was charged with conspiring to possess cocaine and with possessing cocaine. After his arrest, Fowlkes began cooperating and assisting the federal agents in the identification and apprehension of other individuals involved in the drug organization of which he was a part.
 
 
 3
 On December 19, 1989, Fowlkes and the government entered into a written plea agreement. In it, Fowlkes agreed to plead guilty to one count of conspiracy to deliver cocaine and to one count of conspiracy to launder money, and to cooperate with the government in its prosecution of members of his drug organization. In return, the government agreed to request both a downward departure from the sentencing guidelines and a sentence below the mandatory minimum term pursuant to § 5K1.1 of the Guidelines and 18 U.S.C. § 3553(e). The government also agreed to move a year later for a reduction of Fowlkes's sentence pursuant to Fed.R.Crim.P. 35(b) based upon "unanticipated cooperation and substantial assistance subsequent to sentencing."
 
 
 4
 On April 20, 1990, the district judge held a sentencing hearing at which time the government advised her of Fowlkes's substantial cooperation and moved under §§ 5K1.1 and 3553(e) for a sentence below the twenty-year mandatory minimum term, 21 U.S.C. § 841(b)(1)(A), and for a downward departure from the guideline range of 292-365 months. The judge granted the motion and sentenced Fowlkes to twelve years on the cocaine count and five years on the money laundering count, both terms to be served concurrently.
 
 
 5
 On April 16, 1991, the government filed a Rule 35(b) motion to reduce Fowlkes's sentence based upon his post-sentencing cooperation. After a hearing, the district judge denied the motion, stating:
 
 
 6
 I am not going to grant the government's motion, and the reason I'm not is that I gave you the largest downward departure that I have ever given and probably larger than any I will ever give in the future.
 
 
 7
 As Mr. Anderson pointed out, this whole sentencing guideline procedure is a new thing. And like the government, I'm getting accustomed to it.
 
 
 8
 Mr. Clark, as you pointed out, I had some idea of the extensiveness of Mr. Fowlkes' conspiracy when I sentenced him but I didn't begin to understand the ramifications which just do not seem to end.
 
 
 9
 You're right, if I had known more when I sentenced Mr. Fowlkes, I would have given him a much larger sentence at the time. The 50 percent reduction in his sentence in my mind more than adequately takes into account any kind of assistance that Mr. Fowlkes could provide even if he turned the entire Western District of Wisconsin. I think he has really received an enormous benefit from this Court.
 
 
 10
 I understand that Congress has set up this procedure to hold out a carrot to convicted persons so that they will perhaps provide assistance. I have some personal reservations and moral questions about the value in an objective sense of a person such as you, Mr. Fowlkes, that organizes an enormous conspiracy, benefits enormously from that conspiracy, lives high, lives well, takes risks, does absolutely unimaginable damage to the people around you, and then turns in all of the people that he worked with in order to benefit himself.
 
 
 11
 It's the way the system works, and that's what its designed to do. But frankly, I can't say that I admire it. I can understand why you do it, but I can't admire it.
 
 
 12
 (emphasis added). Fowlkes moved for reconsideration, but the judge refused, and he appealed.
 
 
 13
 Fowlkes first argues that the district judge breached a term of the plea agreement that she would exercise her discretion in favor of a sentence reduction. The district judge found that the plea agreement contained no such term, and this finding is not clearly erroneous. See United States v. Daniels, 902 F.2d 1238, 1243 (7th Cir.1990), cert. denied, 111 S.Ct. 510 (1991); United States v. Strawser, 739 F.2d 1226, 1229 (7th Cir.), cert. denied, 469 U.S. 1038 (1984). The agreement was made pursuant to Fed.R.Crim.P. 11(e)(1)(A), and not to Fed.R.Crim.P. 11(e)(1)(C) which provides for a specific sentence in exchange for a plea. It expressly stated that Fowlkes's sentence was within "the sole discretion" of the court, and therefore it was not binding on the district judge. Fowlkes was unable to point to anything in the plea agreement granting him an automatic sentence reduction upon motion of the government, and none is apparent from the record.
 
 
 14
 Fowlkes next argues that the district judge abused her discretion in denying the Rule 35(b) motion. Appellate review in this context is "extremely limited." United States v. Makres, 937 F.2d 1282, 1286 (7th Cir.1991) (quoting United States v. Rovetuso, 840 F.2d 363, 365 (7th Cir.), cert. denied, 484 U.S. 903 (1987)). The decision to grant or deny a Rule 35(b) motion is a matter of pure discretion. Id. at 1286-87. This court has no power "to change or reduce sentences imposed within the requisite legislative limits on the ground that the sentence is too severe, Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), unless the trial court failed to exercise any discretion at all in imposing sentence." Rovetuso, 840 F.2d at 365 (quoting United States v. Dawson, 642 F.2d 1060, 1062 (7th Cir.1981)).
 
 
 15
 The district judge exercised her discretion in refusing to reduce Fowlkes's sentence. She articulated at least two reasons for that refusal: (1) the prior downward departure was more than adequate to compensate Fowlkes for his cooperation with the government after sentencing, and (2) any further reduction of Fowlkes's sentence would diminish its deterrent effect. These reasons were sufficient to support the district judge's decision notwithstanding her "personal reservations and moral questions" about the policies promoted by Rule 35(b), and do not evidence an abuse of discretion.
 
 
 16
 Fowlkes finally argues that the government broke its promise under the plea agreement to support its Rule 35(b) motion with "unanticipated cooperation and substantial assistance subsequent to sentencing" by excluding information known at sentencing but rendered afterwards. The district judge found that the government fulfilled its promise, and this finding is not clearly erroneous. See Daniels, 902 F.2d at 1243; Strawser, 739 F.2d at 1229. The promise read:
 
 
 17
 This agreement contemplates the substantial assistance and and cooperation of Kirtiss R. Fowlkes from the date of the agreement up to the time of sentencing and subsequent to the time of sentencing. At the time of sentencing, all information concerning cooperation and substantial assistance by Kirtiss R. Fowlkes will be make known to the court, and the government will file an appropriate motion for downward departure pursuant to the federal sentencing guidelines. As to unanticipated cooperation and substantial assistance subsequent to sentencing, the government would, within one year of the time of sentencing, file an appropriate motion for further reduction of sentence pursuant to Rule 35, Federal Rules of Criminal Procedure, at which time all information concerning cooperation and substantial assistance by Kirtiss R. Fowlkes would be made known to the court. If there is no post-sentencing cooperation and substantial assistance, the government is not obligated to file said motion.
 
 
 18
 (emphasis added).
 
 
 19
 The plea agreement clearly divided "information concerning cooperation and substantial assistance" into two kinds, that which was anticipated prior to sentencing and divulged at the hearing, and that which was unanticipated at sentencing and arose afterwards, and premised the government's filing of a Rule 35(b) motion upon information of the second kind. Adoption of Fowlkes's argument would require substituting "or" for "and" in the phrase, "unanticipated cooperation and substantial assistance," and amount to rewriting a key provision of the agreement. It also would result in double counting cooperation previously considered by the district judge at the original sentencing.
 
 The decision of the district judge is
 
 20
 AFFIRMED.