991 F.2d 800
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dan D. LASHMETT, Defendant-Appellant.
 No. 92-3585.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 14, 1993.
Decided April 22, 1993.
 
 Before CUMMINGS, CUDAHY and MANION, Circuit Judges.
 
 ORDER
 
 1
 A jury convicted Dan D. Lashmett of five counts of mail fraud, 18 U.S.C. §§ 1341 & 2, and one count of conspiracy to commit mail fraud, 18 U.S.C. § 371. The district court sentenced him to a twenty-year term of imprisonment and ordered him to pay $22,800 in restitution. We affirmed Lashmett's convictions, but vacated the restitution order and remanded the case for resentencing. United States v. Lashmett, 965 F.2d 179 (7th Cir.1992). Within 120 days of the mandate, Lashmett brought this Rule 35(b) motion seeking a reduced sentence. Fed.R.Crim.P. 35(b) (pre-Guidelines offense). The district court denied a sentence reduction, and Lashmett appealed. Counsel now moves to withdraw from the appeal on the ground that it is frivolous. See Anders v. California, 386 U.S. 738 (1967). Pursuant to Circuit Rule 51(a), we notified Lashmett of counsel's motion, to which he responded. Finding no meritorious issues for appeal, we grant the motion to withdraw and dismiss the appeal as frivolous.*
 
 
 2
 Counsel raises the potential issue that the district court erred in denying Lashmett's Rule 35(b) motion. Our review in this context is "extremely limited." United States v. Makres, 937 F.2d 1282, 1286 (7th Cir.1991) (quoting United States v. Rovetuso, 840 F.2d 363, 365 (7th Cir.), cert. denied, 484 U.S. 903 (1987)). The decision to deny a Rule 35(b) motion is a matter of pure discretion. Id. at 1286-87. We have no power "to change or reduce sentences imposed within the requisite legislative limits on the ground that the sentence is too severe, unless the trial court failed to exercise any discretion at all in imposing sentence." Rovetuso, 840 F.2d at 365 (quoting United States v. Dawson, 642 F.2d 1060, 1062 (7th Cir.1981) (citation omitted)). Moreover, mere disparity of sentences between co-defendants does not constitute an abuse of discretion. United States v. Madison, 689 F.2d 1300, 1315 (7th Cir.1982), cert. denied, 459 U.S. 1117 (1983). If the district court gives "thoughtful consideration" to the sentence it imposes, we will not disturb the imposition of disparate sentences on co-defendants. United States v. Nowicki, 870 F.2d 405, 409 (7th Cir.1989).
 
 
 3
 The district court articulated three reasons for the disparity of sentences between Lashmett and his co-conspirators: Lashmett's substantial criminal record, his role as the ringleader of the mail fraud scheme, and his refusal to accept responsibility for his conduct. These reasons were sufficient to support the district court's refusal to reduce Lashmett's sentence and did not constitute an abuse of discretion.
 
 
 4
 Counsel also raises the potential issue that Lashmett's sentence constituted a violation of his eighth amendment right to be free from cruel and unusual punishment. The rule is that a sentence does not violate the eighth amendment unless it is grossly disproportionate to the crime for which the defendant is convicted. Solem v. Helm, 463 U.S. 277, 290-92 (1983); United States v. Alvarez, 914 F.2d 915, 919 (7th Cir.1990), cert. denied, 111 S.Ct. 2057 (1991). "[I]n non-capital felony convictions, a particular offense that falls within legislatively prescribed limits will not be considered disproportionate unless the sentencing judge has abused his discretion." United States v. Vasquez, 966 F.2d 254, 261 (7th Cir.1992). Because Lashmett's sentence fell within the statutory maximum prescribed by Congress, and because the district court did not abuse its discretion in sentencing Lashmett, there was no eighth amendment violation. See id.
 
 
 5
 The contentions raised by Lashmett in his response to the Anders brief concern alleged trial errors occurring prior to the imposition of his sentence, and, as such, are not cognizable under Rule 35.** See Hill v. United States, 368 U.S. 424, 430 (1962) ("[T]he narrow function of Rule 35 is to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence.") (emphasis in original); United States v. Bonansinga, 855 F.2d 476, 477-78 (7th Cir.1988) (quoting Hill ).
 
 
 6
 DISMISSED.
 
 
 
 *
 Lashmett's election not to raise these issues on his direct appeal does not constitute a waiver of his right to raise them under Rule 35. United States v. Gelb, 944 F.2d 52, 54 (2d Cir.1991); United States v. Finley, 783 F.Supp. 1123, 1127 (N.D.Ill.1991)
 
 
 **
 Lashmett contended that trial counsel was ineffective for failing to subpoena prison tapes and insurance checks, and that the district court deprived him of his right to cross-examine a co-conspirator