35 F.3d 569
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis FRELIGH, Defendant-Appellant.
 No. 93-3206.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 1, 1994.*
Decided Sept. 6, 1994.
 
 Before CUMMINGS, BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Dennis Freligh, proceeding pro se, appeals from a final judgment of the district court denying his motion to correct an illegal sentence pursuant to Federal Rule of Criminal Procedure 35(a). We affirm.
 
 I.
 
 2
 Freligh was charged in a superseding indictment with one count of conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. Sec. 846 and two counts of distributing cocaine in violation of 21 U.S.C. Sec. 841(a)(1). The superseding indictment alleged that the conspiracy began in December, 1986 and ended on or about October 27, 1987. Freligh pleaded guilty to all three counts and was sentenced to two concurrent terms of ten years' imprisonment followed by five years of supervised release on the distribution counts and a suspended sentence and five years' probation on the conspiracy count. A panel of this court affirmed Freligh's sentence in an unpublished order on direct appeal. See United States v. Freligh, 872 F.2d 425 (7th Cir.1989) (Table, No. 88-2245).
 
 
 3
 Freligh was called before a federal grand jury subsequent to his sentencing hearing to answer questions concerning the activities of his fellow drug conspirators. Freligh invoked his rights under the Fifth Amendment and refused to testify. District Judge Baker of the Central District of Illinois granted Freligh immunity pursuant to 18 U.S.C. Secs. 6002, 6003 and ordered him to testify. Freligh again refused to testify, citing fear for his life and his family. Judge Baker then held Freligh in civil contempt pursuant to 28 U.S.C. Sec. 1826. A panel of this court vacated Judge Baker's order of contempt and remanded for a hearing on the nature of Freligh's fear. In re Grand Jury Proceedings Empanelled May 1988 (Freligh), 894 F.2d 881, 887 (7th Cir.1990). On remand, the district court held the required hearing (in which Freligh refused to testify) and entered a written order once again finding Freligh in civil contempt.[1] A panel of this court affirmed this second contempt order. In re Grand Jury Proceedings of December, 1989 (Freligh), 903 F.2d 1167, 1171 (7th Cir.1990).
 
 
 4
 On May 8, 1991, Freligh was charged in an indictment with one count of criminal contempt in violation of 18 U.S.C. Sec. 401(3) for willfully disobeying Judge Baker's order to testify. Freligh pleaded guilty to the indictment and was sentenced to twenty-seven months' imprisonment, to be served consecutive to his two concurrent ten-year imprisonment terms for his cocaine distribution convictions. Freligh did not appeal his conviction or sentence.
 
 
 5
 Freligh then filed this motion to correct an illegal sentence pursuant to Federal Rule of Criminal Procedure 35(a). In this motion Freligh asserted that (1) his sentence for his cocaine distribution and conspiracy convictions should have been imposed pursuant to the Sentencing Reform Act of 1984; and (2) his subsequent conviction and sentence for criminal contempt violated the Double Jeopardy Clause of the Fifth Amendment of the Constitution. The district court denied the motion. Freligh now appeals.
 
 II.
 
 6
 Freligh first asserts that his sentence for his cocaine distribution and conspiracy convictions should have been imposed under the Sentencing Guidelines because his original indictment alleged that Freligh and a co-defendant, Sandra Nadziejko, conspired to possess with intent to distribute and to distribute cocaine through "on or about" November 20, 1987.[2] The Sentencing Guidelines apply to all offenses committed on or after November 1, 1987, including conspiracies which straddle this date. United States v. Masters, 924 F.2d 1362, 1369 (7th Cir.), cert. denied, 500 U.S. 919 (1991); United States v. Fazio, 914 F.2d 950, 958-59 (7th Cir.1990).
 
 
 7
 Freligh's claim is barred by the law of the case doctrine. A panel of this court held on direct appeal of Freligh's sentence for his cocaine distribution and conspiracy convictions as follows:
 
 
 8
 Freligh claims that the sentencing judge improperly disregarded the sentencing guidelines established by the Sentencing Reform Act of 1984, Pub.L. 98-473, 98 Stat. 1837, 1987 (1984). The provisions of the Sentencing Reform Act apply only to those defendants whose offenses were committed on or after November 1, 1987. (citations omitted) Freligh was charged and convicted of offenses occurring in October, 1987. While a judge may consider these guidelines as advisory and refer to them for guidance in sentencing a defendant convicted of offenses occurring before the Act took effect, (citation omitted), a sentencing judge is not compelled to follow the guidelines and a defendant is not entitled to be sentenced pursuant to the guidelines even if he would have received a lesser sentence, as Freligh alleges here, had he been sentenced pursuant to them. (citation omitted) Freligh's claims with respect to the sentencing guidelines are without merit.
 
 
 9
 United States v. Freligh, No. 88-2245, Order at 2 (7th Cir.1989) (unpublished order).[3] The law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983); see also Donohoe v. Consolidated Operating & Prod. Corp., No. 93-3610, slip op. at 4 (7th Cir. July 28, 1994). The law of the case doctrine is, however, not absolute. "[I]t is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice." Arizona v. California, 460 U.S. at 618 n. 8. Other reasons recognized in this circuit for a court to reexamine a prior ruling include an intervening change in the law or new evidence. United States v. Taglia, 922 F.2d 413, 418 (7th Cir.), cert. denied, 500 U.S. 927 (1991).
 
 
 10
 Freligh asserts that our decision in United States v. Masters, 924 F.2d 1362, 1369 (7th Cir.1991) is an intervening change in the law which compels us to reexamine our holding in Freligh. In Masters, a panel of this court, relying on United States v. Fazio, 914 F.2d 950 (7th Cir.1990), held that the Sentencing Guidelines apply to conspiracies which straddle November 1, 1987. Masters, 924 F.2d at 1369. Since the district judge in Masters made no finding as to when the conspiracies ended, we remanded the case for a determination of when the conspiracy ended, and for resentencing on the conspiracy charge "if the judge finds that the conspiracy ended after the Guidelines took effect." Id.
 
 
 11
 Masters does not assist Freligh. Unlike the defendants in Masters, Freligh pleaded guilty to a superseding indictment which charged that the conspiracy ended before the effective date of the Sentencing Guidelines. Cf. Masters, 924 F.2d at 1368 (describing the conspiracy as "indefinite"); see also United States v. Masters, 978 F.2d 281, 283 (7th Cir.1992) (The indictment charged "that the conspiracy continued through mid-1988."), cert. denied, 113 S.Ct. 2333 (1993). Unlike Masters, Freligh's guilty plea to that indictment, which has resulted in a final judgment of conviction, forfeits his entitlement to challenge the termination date specified in the indictment in a collateral proceeding. United States v. Broce, 488 U.S. 563, 569 (1989). Freligh was held to have been properly sentenced without regard to the Sentencing Guidelines by a panel of this court on direct appeal of his sentence, and we have no basis to disturb that holding.[4]
 
 III.
 
 12
 Freligh also contends that his conviction and sentence for criminal contempt violate the Double Jeopardy Clause of the Fifth Amendment. As a preliminary matter, we must determine whether this claim is cognizable in a motion to correct an illegal sentence under Federal Rule of Criminal Procedure 35(a). Because Freligh committed this criminal contempt offense after November 1, 1987, the applicable version of Rule 35(a) provides that a district court, "upon remand," shall correct a sentence "that is determined on appeal to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable." Freligh did not appeal his criminal contempt conviction or sentence, and this court has had no occasion to address the validity of his conviction or sentence. Therefore, his claim challenging his criminal contempt conviction and sentence under the Double Jeopardy Clause cannot be brought under Rule 35(a).
 
 
 13
 The mere fact that Freligh mislabeled his petition with respect to this issue is, however, not fatal to his claim. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir.1990), cert. denied, 499 U.S. 979 (1991). Freligh's double jeopardy claim is, as the government acknowledges in its brief, cognizable under 28 U.S.C. Sec. 2255.[5] Appellee's Br. at 16 n. 5; see 28 U.S.C. Sec. 2255. We agree with the Eleventh Circuit's approach in Jordan and conclude that Freligh's double jeopardy claim should be construed as having been brought in a petition under 28 U.S.C. Sec. 2255. Jordan, 915 F.2d at 625; see United States v. Makres, 937 F.2d 1282, 1286 n. 6 (7th Cir.1991) (suggesting that the district court could have construed a Rule 35(a) motion as one for relief under 28 U.S.C. Sec. 2255); Graham v. Broglin, 922 F.2d 379, 382 (7th Cir.1991) (citing Jordan with approval).
 
 
 14
 Since Freligh did not raise his double jeopardy claim on direct appeal of his criminal contempt conviction, Freligh is barred from raising this claim in a section 2255 petition unless he can show cause for and prejudice from his failure to appeal. E.g., Kelly v. United States, No. 92-1248, slip op. at 8-9 (7th Cir. July 6, 1994); Oliver v. United States, 961 F.2d 1339, 1341 (7th Cir.), cert. denied, 113 S.Ct. 469 (1992); Borre v. United States, 940 F.2d 215, 217 (7th Cir.1991); Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir.1989); Williams v. United States, 805 F.2d 1301, 1306-07 (7th Cir.1986), cert. denied, 481 U.S. 1039 (1987). The government, however, has waived waiver by failing to raise Freligh's procedural default and by expressly choosing to address Freligh's claim on the merits. Appellee's Br. at 16 n. 5; see Fagan v. Washington, 942 F.2d 1155, 1157 (7th Cir.1991) (collecting cases); Barrera v. Young, 794 F.2d 1264, 1268-69 (7th Cir.1986); see also Jordan, 915 F.2d at 629. We therefore proceed to the merits.
 
 
 15
 Freligh asserts that his conviction and sentence for criminal contempt violate the Double Jeopardy Clause because the district court relied upon Freligh's lack of cooperation with the government as a factor in sentencing Freligh for his cocaine distribution and conspiracy convictions. Freligh asserts that he could not, consistent with the Double Jeopardy Clause, subsequently be prosecuted and punished for the conduct underlying this sentencing factor. This argument is without merit. Freligh was not prosecuted or punished in the first criminal proceeding for failure to cooperate with the government. His failure to cooperate was merely considered in determining the appropriate punishment for his drug offenses, which the Supreme Court has held is proper. Roberts v. United States, 445 U.S. 552, 556-58, 561 (1980). Freligh's subsequent conviction and sentence for criminal contempt do not violate the Double Jeopardy Clause. United States v. Duarte, No. 93-2872, slip op. at 2 (7th Cir. June 29, 1994); United States v. Troxell, 887 F.2d 830, 835 (7th Cir.1989).
 
 AFFIRMED
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Freligh's sentence of ten years' imprisonment was suspended during his incarceration for civil contempt, which was not to exceed eighteen months or the term of the grand jury, whichever was shorter. In re Grand Jury Proceedings of December, 1989 (Freligh), 903 F.2d 1167, 1169 (7th Cir.1990)
 
 
 [2]
 Because Freligh's cocaine distribution and conspiracy offenses occurred prior to November 1, 1987 according to the superseding indictment, the applicable version of Federal Rule of Criminal Procedure 35(a) permitted the district court to "correct an illegal sentence at any time." See United States v. Makres, 937 F.2d 1282, 1284 n. 2 (7th Cir.1991)
 
 
 [3]
 Circuit Rule 53(b)(2)(iv) expressly provides that an unpublished order may be cited to support a claim of law of the case
 
 
 [4]
 Assuming, arguendo, that Freligh's claim is not foreclosed by the law of the case doctrine, Freligh's claim is nevertheless barred under United States v. Broce, 488 U.S. 563, 569 (1989):
 A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, forecloses the collateral attack. There are exceptions when on the face of the record the court has no power to enter the conviction or impose the sentence.
 Freligh's claim is barred under Broce in this collateral proceeding because Freligh does not contend that his plea was either uncounseled or involuntary, and none of the exceptions recognized in Broce permitting a collateral challenge to a guilty plea are applicable here. See Broce, 488 U.S. at 574-76.
 
 
 [5]
 Freligh's double jeopardy claim is not barred from collateral attack under Broce by the fact of his guilty plea to criminal contempt because Freligh is asserting that his criminal contempt indictment was facially duplicative of the earlier offenses for which he had been sentenced. If correct, this claim would have rendered the district court powerless to enter the conviction or impose the sentence "on the face of the record," and would not have required Freligh to supplement the record before the district court with new evidence. Broce, 488 U.S. at 569, 575; see Menna v. New York, 423 U.S. 61, 62 n. 2 (1975)