UNITED STATES of America, Appellee,

v.

**Herman JACKSON, Appellant.**

**No. 91–3106.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1992.

Decided March 12, 1992.

**82**

Max D. Goracke, Kansas City, Mo., argued, for appellant.

E. Eugene Harrison, Kansas City, Mo., argued (Jean Paul Bradshaw, II, Springfield, Mo., on brief), for appellee.

Before FAGG and WOLLMAN, Circuit Judges, and WOODS,* District Judge.

HENRY WOODS, District Judge.

Herman Jackson ("Jackson") was charged in a five-count indictment with several drug trafficking offenses, one of which was conspiracy to distribute cocaine. He was the only one of seven alleged conspirators to take a trial. He was convicted of the conspiracy offense but was acquitted of the remaining offenses. The trial court[1] sentenced him to thirty years in prison. This appeal followed.

Jackson initially challenges the sufficiency of the evidence to support his conviction. In considering this challenge, we examine the evidence in the light most favorable to the Government, giving it the benefit of all favorable factual inferences. *See United States v. Ivey*, 915 F.2d 380, 383 (8th Cir. 1990). "We reverse only if we conclude that a reasonable fact-finder must have entertained a reasonable doubt about the [G]overnment's proof of one of the offense's essential elements." *Id.*

■ In the context of this case, the Government was required to prove an agreement to distribute cocaine between Jackson and at least one member of the conspiracy. *See United States v. Foote*, 898 F.2d 659, 663 (8th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 342, 112 L.Ed.2d 307 (1990) (evidence need only show that accused entered into agreement with at least one other person and that the agreement had as its objective a violation of the law). The Government used the testimony of his co-conspirators to prove these elements. He does not contest the propriety of relying on their testimony to prove his connection with the conspiracy. *See United States v. Cruz*, 739 F.2d 395 (8th Cir.1984). Rather, he maintains that this testimony, which he alleges was the only evidence linking him to the conspiracy, failed to establish his participation beyond a reasonable doubt.

■ It is not the function of the appellate court to judge the credibility of a witness. *See United States v. Brown*, 921 F.2d 785, 792 (8th Cir.1990). This task is typically the province of the jury. *Id.* A conviction resting on the testimony of a co-conspirator will not be reversed unless no reasonable juror could believe the incriminating testimony. *See United States v. Watson*, 952 F.2d 982, 988 (8th Cir.1991).

The testimony of the co-conspirators admittedly involved some contradictions. These contradictions, however, were for the jury to resolve. The jury chose to

---

1. The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri.

believe this testimony, and there is evidence to support this outcome. Because a reasonable juror could believe the testimony, the evidence to support his conviction was sufficient.

Jackson also challenges the sentence he received. The record reflects that he was sentenced to thirty years in prison, a sentence approximately twice as long as the sentence received by Michael Harper ("Harper"), the "ring leader" of the conspiracy. Although the challenge made by Jackson is premised on several different arguments, we will only address his contention that his sentence was not proportionate to the sentence received by Harper.[2]

 The intent of the Sentencing Guidelines ("Guidelines") is clear: to avoid unwarranted sentencing disparities among similarly situated defendants. *See United States v. Keene,* 915 F.2d 1164, 1170 (8th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1001, 112 L.Ed.2d 1084 (1991) [citing 28 U.S.C. § 991(b)(1)(B)]. We will not order re-sentencing, however, for mere variations in sentences among similarly situated defendants. *See United States v. Meggers,* 912 F.2d 246, 251 (8th Cir.1990). Rather, it must be shown that the trial court abused its discretion in sentencing. *Id.*

 The Government takes the position that Jackson and Harper were not similarly situated. We agree. Jackson does not dispute that the trial court had the right to accept the plea agreement Harper entered into with the Government. It is critical to note that the amount of cocaine the Government could attribute to the conspiracy when Harper entered into his agreement was less than the amount it could attribute to the conspiracy when Jackson was sentenced.[3] Because the amount of cocaine attributable to the conspiracy was greater, the sentence received by Jackson was necessarily longer. In addition, Harper received the benefit of a downward departure for cooperating with the authorities. The Government made no such request on behalf of Jackson, and he did not receive a departure. We are not prepared to say that the trial court was obligated to sentence him in manner which reduced the disparity between the two sentences. For these reasons, substantial factual differences exist between the two sentences. The trial court did not abuse its discretion in sentencing Jackson.

The judgment and sentence of the trial court is affirmed.

---

2. The constitutional challenges he makes to the Sentencing Guidelines have been resolved and therefore need not concern us. In addition, his challenges to the manner in which the Guidelines were applied are not troubling.

3. There is evidence to support the finding made by the trial court in calculating the amount of cocaine involved.