46 F.3d 1136
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Mickey Dewain DANLEY, Appellant.
 No. 94-2456.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 13, 1994.
Filed: Jan. 9, 1995.
 
 Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Mickey Dewain Danley appeals his 168-month sentence imposed by the district court[1] after he pleaded guilty to possessing 12.22 kilograms of ephedrine and a three-neck round-bottom flask with intent to manufacture methamphetamine, in violation of 21 U.S.C. Secs. 841(d)(1) and 843(a)(6). We affirm.
 
 
 2
 The presentence report (PSR) determined that Danley had attempted to manufacture methamphetamine and indicated 12.22 kilograms of ephedrine was capable of producing 12.22 kilograms of methamphetamine which is the equivalent of 12,220 kilograms of marijuana. The PSR indicated a base offense level of 36, a three-level reduction for acceptance of responsibility, a total offense level of 33, and a criminal history category of IV. The ensuing Guidelines range (188 to 235 months) exceeded the statutory maximums for the counts to which Danley pleaded guilty (four years and ten years, or a total of 168 months) and thus the Guidelines range was adjusted to 168 months.
 
 
 3
 Danley filed objections to the PSR, arguing, inter alia, that the ephedrine should have been assigned a base offense level of 26, pursuant to U.S.S.G. Sec. 2D1.11(d)(2),[2] and should not have been converted into methamphetamine (and then into marijuana equivalent) pursuant to sections 2D1.11(c) and 2D1.1.[3]
 
 
 4
 At sentencing, Danley argued that to apply section 2D1.1 to crimes committed under section 841(d)(1) would violate Congress's explicit distinction between possessing listed or precursor chemicals and possessing methamphetamine, citing United States v. Voss, 956 F.2d 1007 (10th Cir. 1992). He argued for a base offense level of 26, noting that his "codefendant," Buddy Linz, pleaded guilty to the same offense and received a base offense level of 26. The government called DEA Special Agent Bill Bryant to establish that this offense involved manufacturing or attempting to manufacture a controlled substance.
 
 
 5
 The court determined the probation office properly calculated the Guidelines range, and that section 2D1.1 applied because the offense involved unlawful manufacture of or attempt to manufacture a controlled substance. The court determined a total offense level of 33, a criminal history category of IV, and a statutory maximum of 168 months. The court sentenced Danley to 120 months on the ephedrine count to be served consecutively to 48 months on the flask count for a total of 168 months imprisonment and three years supervised release.
 
 
 6
 On appeal, Danley argues that the district court erred in using the table from section 2D1.1(c) to calculate his base offense level and that the disparity between Danley's sentence and that of his co-conspirator Linz "is awry of the Constitution and should be corrected." He moves to supplement the record on appeal with Linz's PSR.
 
 
 7
 The phrase, " '[o]ffense involved unlawfully manufacturing a controlled substance or attempting to manufacture a controlled substance unlawfully,' as used in [section 2D1.11(c)(1) ], means that the defendant, or a person for whose conduct the defendant is accountable under Sec. 1B1.3 (Relevant Conduct), completed the actions sufficient to constitute the offense of unlawfully manufacturing a controlled substance or attempting to manufacture a controlled substance unlawfully." Section 2D1.11, comment. (n.2).
 
 
 8
 Danley is correct that the Tenth Circuit in Voss refused to apply section 2D1.1 to section 841(d) violations, concluding that to do so would undercut Congress's intention to punish possession of listed chemicals less severely than possessing or manufacturing methamphetamine and other more advanced narcotic trafficking efforts. Voss, 956 F.2d at 1010-11. The Tenth Circuit, however, carefully distinguished Voss in a later case because Voss dealt only with the issue whether section 2D1.1 applied to listed chemicals prior to the effective date of section 2D1.11 and did not reach the application of section 2D1.11(c). United States v. Wagner, 994 F.2d 1467, 1471-72 (10th Cir. 1993). In Wagner, the court concluded that the base offense level of the defendant, convicted of possessing a listed chemical, should be determined by reference to section 2D1.1 (if it produced a higher base offense level) pursuant to section 2D1.11(c) because the defendant had produced or attempted to produce a controlled substance. Id. The Ninth Circuit likewise affirmed a district court's application of section 2D1.11(c) to a defendant charged under section 841(d) where the district court determined the defendant had attempted to manufacture methamphetamine. United States v. Acuna, 9 F.3d 1442, 1447 (9th Cir. 1993).
 
 
 9
 Here, Agent Bryant testified to a disassembled methamphetamine laboratory in a residence Danley had rented, the presence of liquid methamphetamine, the odor of "cooked" methamphetamine, Danley's presence on the scene, and Danley's fingerprints on glassware at yet another methamphetamine laboratory. The court noted Danley had testified at his guilty plea hearing that his fingerprints had been found on the glassware in the laboratory in the residence he had rented. We conclude the district court did not err in finding Danley had manufactured or attempted to manufacture methamphetamine, applying section 2D1.11(c) to Danley, and calculating his base offense level under section 2D1.1.
 
 
 10
 We grant Danley's motion to supplement the record, but determine that his disparate sentencing argument fails. Although the Sentencing Guidelines were intended to avoid unwarranted sentencing disparities among similarly situated defendants, mere variations in sentences among similarly situated defendants do not mandate resentencing; rather, the defendant must show the district court abused its discretion in sentencing. United States v. Jackson, 959 F.2d 81, 83 (8th Cir.), cert. denied, 113 S. Ct. 155 (1992). Although a different judge sentenced Linz-who pleaded guilty to attempted possession of ephedrine-under section
 
 
 11
 2D1.11(d)'s listed-chemical table, the district court's calculations appear to be correct in Danley's case, and "it is clear that the trial court is not obliged to consider the sentence of a codefendant when imposing sentence on a defendant." United States v. Granados, 962 F.2d 767, 774 (8th Cir. 1992). We find no abuse of discretion.
 
 
 12
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Elsijane Trimble Roy, Senior United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 Section 2D1.11(d) sets forth the Guidelines table for offenses involving a listed chemical and provides for a base offense level of 26 for an offense involving at least 6 but less than 20 kilograms of ephedrine. Section 2D1.11(d)(2)
 
 
 [3]
 Section 2D1.11(c)(1) cross-references section 2D1.1 by providing that "[i]f the offense involved unlawfully manufacturing a controlled substance, or attempting to manufacture a controlled substance unlawfully, apply Sec. 2D1.1 (Unlawful Manufacturing, Importing, Exporting, Trafficking) if the resulting offense level is greater than that determined above." Section 2D1.1 sets forth base offense levels for offenses involving controlled substances, including methamphetamine, and dictates a base offense level of 36 for Danley