# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 96-1240

_____

Herman Jackson,                          *
                                         *
      Appellant,                    *
                                         *
                                         * Appeal from the United States
   v.                                  * District Court for the
                                         * Western District of Missouri.
United States of America,                *      [UNPUBLISHED]
                                         *
      Appellee.                     *


_____

Submitted:  March 3, 1997

Filed:  March 7, 1997
_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.
_____

PER CURIAM.


A jury convicted Herman Jackson of conspiring to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. The district court[1] sentenced him to 360 months' imprisonment, five years' supervised release, and a $1,000 fine. We affirmed Jackson's conviction and sentence. See United States v. Jackson, 959 F.2d 81 (8th Cir.), cert. denied, 506 U.S. 852 (1992). In a subsequently filed 28 U.S.C. § 2255 motion, Jackson asserted that his counsel was ineffective in failing to impeach trial witnesses with their criminal histories and in failing to investigate and offer testimony concerning an alleged alibi. He

---

[1]The Honorable D. Brook Bartlett, Chief Judge, United States District Court for the Western District of Missouri.

also argued the court could not rely for sentencing purposes on conduct underlying charges on which he had been acquitted, or on unreliable drug-quantity testimony. The district court denied Jackson's motion, and Jackson appeals.

We review de novo the denial of a section 2255 motion without an evidentiary hearing and affirm only if the motion, files, and record conclusively show that the movant is not entitled to relief. See United States v. Duke, 50 F.3d 571, 576 (8th Cir.), cert. denied, 116 S. Ct. 224 (1995). We review for abuse of discretion the district court's decision as to whether an evidentiary hearing is required. See Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995).

We conclude that the district court correctly determined that Jackson's ineffective-assistance-of-counsel claims fail because he did not establish that he was prejudiced by counsel's alleged deficient performance. See Strickland v. Washington, 466 U.S. 668, 694 (1984). Jackson's counsel challenged the credibility of the witnesses in question by cross-examining them as to their plea agreements and expectations of sentencing leniency. In addition, no prejudice attached to any failure by defense counsel to probe Jackson's alibi because there is no reasonable probability that the alibi would have changed the outcome of the trial, given the strength of the evidence against Jackson.

We also agree with the district court that Jackson's challenge to the drug-quantity finding was essentially addressed on direct appeal and may not be relitigated now. See United States v. Kraemer, 810 F.2d 173, 177 (8th Cir. 1987) (per curiam). Even if Jackson's challenge is not identical to one he raised on direct appeal, he could have raised the challenge then and thus is procedurally barred from raising it now without a showing of both

cause and prejudice.  See Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam).  We are not persuaded that alleged ineffective assistance excuses Jackson's default, see Ford v. United States, 983 F.2d 897, 898-99 (8th Cir. 1993) (per curiam) (movant's summary mention of ineffective assistance as cause to excuse default is inadequate), and Jackson cannot show prejudice because, as the United States Supreme Court has recently held, a sentencing court may consider conduct of which the defendant has been acquitted.  United States v. Watts, 117 S. Ct. 633 (1997). See also United States v. Galloway, 976 F.2d 414 (8th Cir. 1992) (en banc), cert. denied, 507 U.S. 974 (1993); United States v. Dawn, 897 F.2d 1444, 1449-50 (8th Cir.), cert. denied, 498 U.S. 960 (1990).  Moreover, the district court was entitled at sentencing to rely on the trial testimony of Jackson's co-conspirators, however unreliable Jackson may believe that testimony to be.  See United States v. Lowrimore, 923 F.2d 590, 594 (8th Cir.) (district court may rely on trial testimony when sentencing defendant), cert. denied, 500 U.S. 919 (1991); United States v. Adipietro, 983 F.2d 1468, 1479 (8th Cir. 1993) (district court's findings as to witness credibility are virtually unreviewable on appeal).

Finally, Jackson asserts for the first time on appeal that he should be resentenced because a retroactive Guidelines amendment-- which became effective November 1, 1994--lowers the base offense level from 40 to 38 in drug cases involving the amount of cocaine base attributed to Jackson.  See U.S. Sentencing Guidelines Manual App. C, Amend. No. 505 (1995); U.S. Sentencing Guidelines Manual. §§ 1B1.10(a), 2D1.1(c)(1) (1995).  Based on the government's concession that Jackson's sentence should be reconsidered, we remand to the district court for this limited purpose.  See United States v. Risch, 87 F.3d 240, 243-33 (8th Cir. 1996).  In all other respects, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.