# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-3800

———————

United States of America,

        Appellee,

v.

Herman Jackson,

        Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Western District of Missouri
\*
\*    [UNPUBLISHED]
\*

———————

Submitted:  July 7, 1999

Filed:  July 27, 1999

———————

Before McMILLIAN, BRIGHT, and MURPHY, Circuit Judges.

———————

PER CURIAM.

Herman Jackson appeals from the final judgment entered in the District Court[1] for the Western District of Missouri resentencing him to 292 months imprisonment and five years supervised release. The district court also declared that Jackson's previously imposed fine had been satisfied. For the reasons discussed below, we affirm the sentence imposed by the district court.

———————

[1]The Honorable D. Brook Bartlett, Chief Judge, United States District Court for the Western District of Missouri.

After a jury convicted Jackson of conspiring to distribute cocaine base and the district court sentenced him to 360 months imprisonment, five years supervised release, and a $1,000 fine, we affirmed Jackson's conviction and sentence on direct appeal. See United States v. Jackson, 959 F.2d 81 (8th Cir.), cert. denied, 506 U.S. 852 (1992). Later, we affirmed the judgment of the district court denying Jackson relief under 28 U.S.C. § 2255, but we directed a limited remand, noting the government's concession that Jackson's sentence should be reconsidered in light of a retroactive amendment to the Sentencing Guidelines which lowered the base offense level in drug cases involving the amount of cocaine base attributed to Jackson. See Jackson v. United States, 108 F.3d 1382 (8th Cir. 1997) (table) (unpublished per curiam) (text in WESTLAW at 1997 WL 100833).

The district court conducted a resentencing hearing in September 1998, during which counsel for Jackson and the government requested that Jackson be sentenced at the low end of the newly applicable Guidelines imprisonment range of 292-365 months, given the district court's prior determination that sentencing at the bottom of the imprisonment range of 360 months to life was appropriate. Although the district court noted that six kilograms of cocaine base (the amount attributed to Jackson) was not at the low end of the revised drug table and thus did not lend support to a sentence at the low end of the applicable Guidelines range, the district court nonetheless imposed a prison term of 292 months. After Jackson timely filed a notice of appeal, we granted his request to proceed pro se. Jackson has not, however, filed a brief, and the time for him to do so has expired after three extensions. In any event, our review of the record, including the brief tendered by former counsel pursuant to Anders v. California, 386 U.S. 738 (1967), has not uncovered a basis for reversal.

Accordingly, we affirm the sentence imposed by the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.