# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1714

_____

United States of America,  \*
                           \*
    Appellee,              \*
                           \*    Appeal from the United States
    v.                     \*    District Court for the
                           \*    Eastern District of Arkansas.
Gary Charles Haney,        \*
                           \*        [UNPUBLISHED]
    Appellant.             \*

_____

Submitted: August 2, 2000
    Filed: August 8, 2000

_____

Before BEAM, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

A jury found Gary Charles Haney guilty of conspiracies to distribute cocaine and marijuana, and this court affirmed his conviction on direct appeal. United States v. Frayer, 9 F.3d 1367 (8th Cir. 1993), cert. denied, 513 U.S. 818 (1994). In this 28 U.S.C. § 2255 proceeding, Haney argued, in relevant part, the government presented false testimony at trial in violation of his right to due process, new evidence establishes his innocence, and there exists an unconstitutional disparity among the sentences imposed on him and upon two, more culpable co-defendants who entered guilty pleas.

After responsive pleadings, the district court[1] denied relief without an evidentiary hearing, and we affirm.

First, it appears Haney could have, but did not, present his claim on direct appeal that the government presented false testimony. See Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam) (§ 2255 relief is not available to correct errors which could have been raised on direct appeal, absent showing of cause and prejudice or actual innocence/miscarriage of justice). Nevertheless, we conclude Haney has not established a due process violation, which requires a showing that the government knowingly used perjured testimony, plus a reasonable likelihood that it could have affected the jury's verdict. See United States v. Perkins, 94 F.3d 429, 432 (8th Cir. 1996), cert. denied, 519 U.S. 1136 (1997).

In addition, we agree with the district court that Haney did not satisfy his burden to establish a gateway through which otherwise procedurally defaulted claims can be reached. See Amrine v. Bowersox, 128 F.3d 1222, 1226-27 (8th Cir. 1997) (en banc) (petitioner can obtain review of procedurally defaulted claims if he produces reliable new evidence not available at trial which demonstrates that it is more likely than not that with new evidence no reasonable juror would have convicted him), cert. denied, 523 U.S. 1123 (1998). Finally, assuming without deciding the sentencing-disparity claim is not procedurally defaulted, Haney has not shown he is entitled to relief. See United States v. Reeves, 83 F.3d 203, 207 (8th Cir. 1996); United States v. Granados, 962 F.2d 767, 774 (8th Cir. 1992); United States v. Jackson, 959 F.2d 81 (8th Cir.), cert. denied, 506 U.S. 852 (1992); Castaldi v. United States, 783 F.2d 119, 125 (8th Cir.), cert. denied, 476 U.S. 1172 (1986).

The judgment of the district court is affirmed.

_____

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.